Larry K. BILLINGS, Plaintiff,

v.

The CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Defendant.

No. 77–317C(A).

United States District Court, E. D. Missouri, E. D.

Aug. 17, 1977.

Mark R. Bahn, St. Louis, Mo., for plaintiff.

James D. Eckhoff, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, District Judge.

This matter is before the Court on defendant's verified motion to dismiss, the first ground contained therein being that the plaintiff's complaint failed to state a claim upon which relief can be granted for the reason that said complaint discloses on its face that plaintiff's claim is barred by the applicable three-year statute of limitations set forth in 45 U.S.C. § 56, and the second ground being that the Court does not have jurisdiction of plaintiff's cause of action since venue is improper.

Plaintiff is a resident of the State of Arkansas, and defendant is an Illinois corporation, doing business in St. Louis, Missouri, with a registered agent in Kansas City, Missouri.

The Court will not consider the second ground of the motion, for if venue is improper the cause would merely be transferred to another court, but will only consider in this memorandum the first ground of the motion which alleges that the complaint failed to state a claim upon which relief can be granted.

The Court, after considering the pleadings, affidavits and exhibits with respect to the motion to dismiss, determined that the motion for failure to state a cause of action should be treated as a motion for summary judgment in accordance with Rule 12(c) of the Federal Rules of Civil Procedure, and so advised the parties. The defendant thereafter submitted an additional affidavit in support of its motion, and the plaintiff submitted affidavits and exhibits in support of its suggestions in opposition to summary judgment.

The action before the Court is one to recover damages for a personal injury allegedly sustained by plaintiff arising under the Federal Employers Liability Act, 45 U.S.C. § 51 et seq. The pertinent allegations in the complaint may be summarized as follows: That the plaintiff was employed by the defendant as a conductor and was injured in the performance of his duties in the town of Haskel, Arkansas, on March 7, 1974; that a suit was filed in Madison County, Illinois, on or about January 15, 1976, by the plaintiff against the defendant for said injuries; that subsequent responsive pleadings—a motion to dismiss for improper venue—was filed in said cause by the defendant on February 25, 1976; that subsequently, in response to defendant's motion to dismiss for want of venue, the Circuit Court for the Third Judicial Circuit of Madison County, Illinois, granted defendant's motion to dismiss for improper venue on or about February 26, 1976, granting plaintiff fourteen days within which to amend his complaint, until on or about March 15, 1976, and whereupon the order, by operation of law, would have become final; and that the Supreme Court rules of the State of Illinois provide in part that appeals must be taken within thirty days after the entry of the final judgment appealed from, so that the judgment of the Madison County Circuit Court became final on or about April 14, 1976.

The action before this Court was filed on or about March 25, 1976, more than three years after the date of the accident. 45 U.S.C. § 56 with respect to FELA cases provides in part that "no action shall be maintained * * * unless commenced within three years from the day the cause of action accrued."

■ A motion for summary judgment will be granted if there is no genuine issue as to any material facts. *Giordano, et al. v. Lee, et al.*, 434 F.2d 1277 (8th Cir. 1970), cert. denied 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709. The pleadings, affidavits and exhibits disclose there is no issue as to any of the material facts with respect to passing on the question of limitations.

It is the position of the defendant that since the case before the Court was filed more than three years after the date of the alleged injury, that the limitation provided in the FELA Act contains no exceptions, and that the defendant is entitled to summary judgment.

The plaintiff attempted to plead around the statute of limitations by pleading as follows: "That plaintiff initially filed this lawsuit in Madison County, Illinois, on January 15, 1976, which said cause was dismissed on February 26, 1976, thereby tolling the statute for forty-two days" (paragraph 6 of plaintiff's complaint). The plaintiff contends in his suggestions in opposition to defendant's motion for summary judgment that as a result of the filing of the suit in Madison County, Illinois, the applicable statute of limitations is extended forty-two days, and that the suit in question was filed within the three-year period of the statute of limitations.

The sole question before the Court is whether or not the statute was tolled by the filing of the suit in Madison County, Illinois, on January 15, 1976. The plaintiff relies upon *Burnett v. New York Central Ry. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 where the Supreme Court held that "where a timely FELA action is begun in a state court having jurisdiction, the defendant is served with process, and the case is dismissed for improper venue, the FELA time limitation is tolled during the pendency of the state suit and until the state court order dismissing the action becomes final."

In the *Burnett* case, the action was filed in a Federal District Court eight days after the three-year statute of limitation had run, but before a state court's dismissal order

had become final in a suit timely filed in state court. The plaintiff places great reliance upon the court's statement at page 428, 85 S.Ct. at page 1054, that "when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action."

It should be pointed out, however, that in the *Burnett* opinion the Court discusses in detail state saving statutes which would produce nonuniform periods of limitation in the several states, and at page 433, 84 S.Ct. at page 1057 said:

"This Court has also specifically held that '[t]he period of time within which an action may be commenced is a material element in * * * [a] uniformity of operation' which Congress would not wish 'to be destroyed by the varying provisions of the state statutes of limitation.' *Engel v. Davenport*, 271 U.S. 33, 39, [46 S.Ct. 410, 413, 70 L.Ed. 313]. The incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity.

"On the other hand, to accept respondent's argument that the limitation provision is not tolled under the circumstances present here would do even greater violence to the policies underlying the limitation provision in the Act."

At page 435, 85 S.Ct. at page 1058 the Court said:

"To toll the federal statute for a 'reasonable time' after the state court orders the plaintiff's action dismissed would create uncertainty as to exactly when the limitation period again begins to run. * * * We conclude that *a uniform rule tolling the federal statute for the period of the pendency of the state court action and until the state court dismissal order becomes final is fair to both plaintiff and defendant, carries out the purposes of the FELA*, and best serves the

policies of uniformity and certainty underlying the federal limitation provision.

"Applying these principles to the present case, since petitioner brought a timely suit in the Ohio court, served defendant with process, and, after finding the state action dismissed for improper venue, *filed his suit in the Federal District Court only eight days after the Ohio court dismissed his action, before his time for appealing from the Ohio order had expired, his federal court action was timely.*" (Emphasis added.)

■ As this Court understands the *Burnett* case, it does not toll the statute of limitations for forty-two days as a result of the Madison County, Illinois, case filed on January 15, 1976, but only tolls the statute in those instances in which cases are filed where the statute expires during the pendency of the state court action before any state court order dismissing the case becomes final.

■ In the case before the Court, at the time that the action of the state court of Illinois in the Madison County case became final in the spring of 1976, there were several months remaining between the date the Illinois dismissal became final and the date when the three-year statute of limitations would run if it were not tolled.

Accordingly, for the above reasons, the motion of defendant for summary judgment is sustained, and the clerk of the Court is directed to prepare and enter the proper order to that effect.