Larry K. BILLINGS, Appellant,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Appellee.

No. 77–1711.

United States Court of Appeals, Eighth Circuit.

Jan. 12, 1978.

**236**

Neal E. Millert, James, Odegard & Millert, Kansas City, Mo., for appellee, Chicago, Rock Island and Pacific RR. Co.

Before GIBSON, Chief Judge, and BRIGHT, Circuit Judge.

PER CURIAM.

Larry K. Billings seeks reinstatement of an appeal that we had earlier dismissed for his failure to prosecute. We conditionally reinstate the appeal for reasons stated below.

Billings brought an action against the Chicago, Rock Island & Pacific Railroad Company. Upon the district court's dismissal of the action, Billings filed a timely[1] notice of appeal in the district court on August 29, 1977, and this court received certified copies of the notice the next day. Appellant docketed his appeal by paying the $50 filing fee on September 9, 1977.[2] For the next two months, however, appellant took no steps to process the appeal. In response, this court dismissed the appeal for failure to prosecute, relying on Rule 13 of the Rules of the Eighth Circuit.[3] Appellant Billings thereafter moved to reinstate the appeal, and the clerk of this court referred the motion to the judges named above, serving as an administrative panel of the Eighth Circuit. See 8th Cir. R. 2(c) and (e).

■ In this instance, we have determined to reinstate the appeal. In doing so, however, we also admonish appellant's counsel that we will not tolerate any further lack of diligence in properly processing the appeal as required by the Federal Rules of Appellate Procedure and the rules of this court. By means of this opinion, we remind the bar that this court maintains a policy of promptly processing appeals and that attorneys appealing cases are obligated to comply with time requirements of the rules unless the court, on motion for good cause, grants an extension. The remainder of the opinion comments upon the requirements for processing an appeal in a civil case.

Rule 11 of the Federal Rules of Appellate Procedure obligates appellant's counsel to complete the trial record for transmittal by the clerk of the district court to the clerk of the circuit court within forty days after the

---

1. Pursuant to Fed.R.App.P. 4(a), which provides:

   (a) *Appeals in Civil Cases.* In a civil case (including a civil action which involves an admiralty or maritime claim and a proceeding in bankruptcy or a controversy arising therein) in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from * * *.

2. The $50 filing fee was fixed by the Judicial Conference of the United States at its September 14, 1973, session, pursuant to 28 U.S.C. § 1913 (1970).

3. Eighth Circuit Rule 13 reads as follows:

   When an appellant in either a docketed or non-docketed appeal fails to comply with the Federal Rules of Appellate Procedure and the rules of this court, the clerk shall notify the appellant and his counsel that upon the expiration of fifteen (15) days from the date thereof the appeal will be dismissed for want of prosecution, unless prior to that date appellant remedies the default. Should the appellant fail to comply within said fifteen-day period, the clerk shall then enter an order dismissing said appeal for want of prosecution, and shall issue a certified copy thereof to the clerk of the district court as and for the mandate. In no case shall the appellant be entitled to remedy his default after the same shall have been dismissed under this rule, unless by order of this court. The dismissal of an appeal shall not limit the authority of this court, in an appropriate case, to take disciplinary action against defaulting counsel.

   The court retains the right, whether or not notice of default is given, to dismiss any appeal for failure to comply with the Federal Rules of Appellate Procedure or the rules of this court on motion of a party or upon its own motion.

notice of appeal is filed, unless that time is extended under Rule 11(d). Eighth Circuit Rule 8 simplifies the transmission of the record by providing as follows:

Pursuant to Rule 11(e) of the Federal Rules of Appellate Procedure a certified copy of the docket entries in the proceeding below shall be transmitted to this court in lieu of the entire record, subject however to the right of any party to request at any time during the pendency of the appeal that designated parts of the record be transmitted. In all other respects the transmission of the record shall be in accordance with the Federal Rules of Appellate Procedure.

■ Under our Rule 8, the clerks of the several district courts in this circuit, as a matter of course, transmit a certified copy of the notice of appeal and a certified copy of the docket entries to this court immedi-ately upon receiving the notice of appeal. These documents constitute the record upon appeal.

Upon receiving these records, the clerk of this court routinely writes appellants [4] and requests the statutory $50 filing fee. When the $50 fee is received by the clerk, the appeal is officially docketed and the forty-day period for the filing of appellant's brief and appendix begins to run.[5]

■ In order to process a civil appeal promptly, appellant must immediately order a transcript when one is necessary for the appeal.[6]

■ The expedient processing of the appeal also requires that counsel agree upon the contents of the appendix. *See* Fed.R. App.P. 10(b). We recognize that more than the twenty days allotted by Rule 10(b) for this process [7] can elapse if counsel disagree

---

**4.** The following letter was issued in this case and is typical of these letters:

August 30, 1977

[Appellant's counsel]

Re: No. _____. Larry K. Billings, Appellant v. Chicago, Rock Island and Pacific Railroad Company, a corporation, Appellee.

Dear Sir:

This office has today received and filed certified copies of notice of appeal and docket entries of the District Court in the above case from the Clerk of the United States District Court at St. Louis, Missouri.

In order to docket this appeal in this Court it will be necessary for us to receive the statutory docketing fee in the amount of $50.00. Your attention is invited to Rules 11 and 12, Federal Rules of Appellate Procedure, and Rule 8 of this Court. Pursuant to those Rules, this appeal must be docketed within 40 days after the filing of notice of appeal in the District Court unless an extension has been granted under the provisions of Rule 11(d).

Enclosed is entry of appearance form for signature of counsel. Please return the signed form to this office with deposit.

Very truly yours,

S/ Robert C. Tucker

Robert C. Tucker

Clerk

KDK
Enclosure (1)
cc: [Appellee's counsel]
[Clerk of the U.S. District Court]

**5.** *See* Fed.R.App.P. 30 (appendix) and 31 (brief).

**6.** The transcript must be ordered from the reporter no later than ten days after filing of the notice of appeal. The transcript, or part of it, is necessary where the appellant intends to urge on appeal that a finding or conclusion by the trial court is unsupported by the evidence or is contrary to the evidence. Fed.R.App.P. 10(b).

**7.** The appellant has ten days to order from a reporter a transcript of the parts of the proceeding to be included on the record on appeal. During this ten-day period appellant must also file and serve on the appellee a description of the parts of the transcript to be included in the record and a statement of the issues to be presented on appeal. Appellee then has an

over what should be included in the appendix and who shall pay for the preparation of supplementary materials to be included in the appendix. Counsel are encouraged to agree upon the contents of a joint appendix within the ten-day period. In our experience, more often than not the appendix contains more material than necessary to resolve the appeal. Counsel should note that the original records are always available to this court and that both the court and the parties may rely on parts of the trial record not included in the appendix.[8]

In the unusual circumstance where the parties cannot agree on the contents of a joint appendix, and where appellant has filed an appendix with his or her brief, we have, upon motion, authorized the appellee to submit a supplementary appendix.

█ The parties can save time, effort, and expense on appeal in several ways. A statement agreed to by the parties may be substituted for the record on appeal.[9] In uncomplicated cases with a simple record, the court may dispense with the appendix requirement and authorize a civil appeal on the original record. Fed.R.App.P. 30(f). Eighth Circuit Rule 11(A)(1) allows any

type of case, "when permitted by the court, [to] be heard on the original record." Moreover, parties need not resort to expensive methods of printing their briefs and appendices, for our rules allow typewritten and photocopied materials to be submitted, so long as they are clear and readable.[10]

Turning to the present case, the clerk of our court, after receiving the filing fee, mailed two important form letters to appellant's counsel, with copies to appellee's counsel and the clerk of the district court. On September 9, 1977, the clerk wrote counsel as follows:

Re: No. 77–1711. Larry K. Billings, Appellant vs. Chicago, Rock Island and Pacific Railroad Company, a corporation, Appellee.

Dear Sir:

I have your check in the sum of $50.00 to cover docketing fee in this Court in the above case, and receipt therefor is enclosed. The appeal is docketed today under the above number.

The appendix and brief for appellant are due to be served and filed within forty days from this date. By direction of the Judicial Council of the Eighth Circuit, you are hereby

---

additional ten days to file and serve on the appellant a designation of additional parts of the record to be included in the appendix. Fed. R.App.P. 10(b).

8. Fed.R.App.P. 30(a) provides:
   The fact that parts of the record are not included in the appendix shall not prevent the parties or the court from relying on such parts.

9. Fed.R.App.P. 10(d) reads as follows:
   (d) Agreed Statement as the Record on Appeal. In lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the district court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the issues raised by the appeal, shall be approved by the district court and shall

then be certified to the court of appeals as the record on appeal and transmitted thereto by the clerk of the district court within the time provided by Rule 11. Copies of the agreed statement may be filed as the appendix required by Rule 30.

10. Eighth Circuit Rule 11(B) reads as follows:
    B. Reproduction of Briefs and Appendices
    (1) In all cases the original brief may be typewritten and copies reproduced by a photocopy or similar process in accordance with Rule 32(a) of the Federal Rules of Appellate Procedure.
    (2) An appendix, when required to be filed under Part A of this rule, may be reproduced by a photocopy or similar process from original typewritten material or the original record.
    (3) When briefs and appendices are submitted in typewritten form they shall be double spaced; carbon copies may not be filed.
    (4) In cases heard on the original record pursuant to Part A of this rule only five copies of the briefs need be filed.

notified that the provisions of the Federal Rules of Appellate Procedure as to the times for filing appendix and briefs are to be strictly enforced.

I am directed by the Court to invite your attention to Rules 10(c) and 10(d) of the Federal Rules of Appellate Procedure. The Court expects counsel to make every effort to expedite the submission of this appeal and if recourse to these two rules will facilitate prompt briefing of the case, counsel are urged to adopt the practices outlined in the rules.

Very truly yours,

Robert C. Tucker,
Clerk

After more than forty days had elapsed from the docketing of the appeal with no action on the part of appellant, the clerk of this court, on October 25, 1977, again wrote appellant's counsel:

Re: No. 77–1711.  Larry K. Billings v. Chicago, Rock Island and Pacific Railroad Co.

Dear Sir:

This appeal was docketed in this Court on Sept. 9, 1977. It does not appear that you have taken any steps to perfect the appeal. You are hereby notified, pursuant to Rule 13 of this Court, that upon the expiration of 15 days from the date of this letter this appeal will be dismissed for want of prosecution unless you remedy your existing default.

Very truly yours,

Robert C. Tucker,
Clerk

Receiving no response, the clerk, on November 15, 1977, entered an order dismissing the appeal for failure to prosecute, and

11.  Appeals have increased over 350 percent in the past sixteen years. In 1961, 246 appeals were filed in this court, compared with 1,123 filings in 1976. Administrative Office of the United States Courts, *Management Statistics* 8 (1976). Nevertheless, our court has kept pace with the growing docket in part by insisting upon compliance with the time limitations specified in the rules relating to appeals.

mailed notification of this action, including a copy of the order and a covering letter, to all counsel. *See* 8th Cir. R. 13. This letter finally produced some action. Appellant's counsel, a St. Louis lawyer, presented himself at the clerk's office at St. Louis to inquire about reinstatement of the appeal. On November 25, 1977, appellant's counsel filed a formal motion for reinstatement in which he stated that he had received neither the September 9 notice of docketing nor the "notice" letter of October 25.

█ Needless to say, we would be fully justified in denying the motion for reinstatement whether or not counsel actually received and read the two letters, for an attorney who is admitted to practice in this court certainly should be familiar with the Federal Rules of Appellate Procedure and the rules of this court.

Nevertheless, recognizing that this court has not up until now written an opinion specifically commenting on our rules that require appeals to be promptly processed, we reinstate this appeal so as not to penalize the appellant personally. However, the bar must take note that upon publication of this opinion counsel will be hard-pressed to assert lack of knowledge or information concerning our rules and our intent that they be strictly enforced. The bar should also understand that our ruling today will not serve as a precedent to excuse similar delinquencies in other cases.

We deem it necessary to enforce time limitations on appeal procedures strictly for two substantial reasons: (1) prompt processing of appeals enables this court to keep abreast of an ever-increasing caseload,[11] and (2) justice requires reasonable, prompt disposition of litigation, including a final determination on appeal.

As a result, we have reduced the median time for disposition of our appeals, civil and criminal, from six months (from filing of complete record to disposition) in 1971 to 4.7 months in 1976. Administrative Office of the United States Courts, *Annual Report of the Director* 65b (1977).

This court has consistently maintained the shortest average disposition time for appeals of all eleven United States Courts of Appeals. Lawyers practicing before the court have, for the most part, been most cooperative in enabling us promptly to process appeals, both civil and criminal. The court sincerely appreciates this cooperation. We believe that with such continued cooperation this court can continue to process appeals properly and expeditiously.

In the event of uncertainty as to how to proceed under the rules, counsel should not hesitate to ask the office of the clerk of this court for advice or instructions. If for good cause time limitations cannot be met, counsel by motion should promptly request additional time.

As to appellant Billings' request for reinstatement of his appeal, we recall our prior mandate and reinstate his appeal, but such reinstatement is subject to the condition that appellant file his appendix and brief within twenty days from the filing of this opinion and order.