**Larry K. BILLINGS, Appellant,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Appellee.**

**No. 77–1711.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1978.

Decided Aug. 3, 1978.

---

James M. Martin, St. Louis, Mo. (argued) and Mark R. Bahn, Rau & Martin, St. Louis, Mo., L. Thomas Lakin, Lakin & Francis, East Alton, Ill., and John T. Haskins, Haskins, Ward, Rhodes & Garrett, Little Rock, Ark., on brief, for appellant.

Robert M. Sommers, James, Odegard & Millert, Kansas City, Mo. (argued), Neal E. Millert, Kansas City, Mo., and James D. Eckhoff, Fordyce & Mayne, St. Louis, Mo., on brief, for appellee.

Before BRIGHT, Circuit Judge, INGRAHAM,* Senior Circuit Judge, and STEPHENSON, Circuit Judge.

STEPHENSON, Circuit Judge.

Larry K. Billings appeals from an order of the district court[1] granting defendant-appellee Chicago, Rock Island and Pacific Railroad's (Rock Island) motion to dismiss. The court, treating the Rock Island's motion as a motion for summary judgment, granted the motion on the ground that Billings' action based on the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq., was barred by the three-year statute of limitations, 45 U.S.C. § 56, governing such actions.[2] The sole issue before this court is whether the statute of limitations was tolled by the filing of the action in state court, making the federal action timely. We reverse the district court.

Billings' complaint filed in federal district court on March 25, 1977, alleged that he was injured on or about March 7, 1974, while engaged in the course and scope of his employment with the Rock Island. Thus, the suit was filed in federal court more than three years after the date of the accident. 45 U.S.C. § 56, which applies to FELA cases, provides in part that "[n]o action shall be maintained * * * unless commenced within three years from the day the cause of action accrued." The cause of action accrued upon the date of Billings' injury. *Reading Co. v. Koons*, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835 (1926); *Felix v. Burlington N. Inc.*, 355 F.Supp. 1107 (D.Minn.1973). It is clear that under a strict reading of 45 U.S.C. § 56 Billings would be barred from bringing this action.

In an attempt to plead around the statute of limitations, Billings' complaint further states that a suit against the Rock Island arising out of the same injury was filed on January 15, 1976, in the State Circuit Court of Madison County, Illinois. Upon the Rock Island's motion, the action was dismissed on February 26, 1976, for improper venue. In his brief to this court Billings claims that he was given 14 days by the circuit court within which to amend his complaint, and when this was not done, the court's order became final. The rules of the Supreme Court of Illinois provide that appeals must be taken within 30 days of the final order appealed from. Thus, the judgment of the circuit court became final on April 12, 1976, 89 days after the action was filed in state court. It is Billings' contention that the statute of limitations was tolled for the 89 days during which the state action was pending, thereby extending the three-year limitation period from March 7, 1977, to

---

* The Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Honorable Roy W. Harper, United States District Judge for the Eastern District of Missouri. The district court's memorandum opinion is reported at 435 F.Supp. 1152. Billings' appeal was dismissed for failure to prosecute, but it was reinstated by order on January 12,

1978. *Billings v. Chicago, Rock Island & Pac. R. R.*, 570 F.2d 235 (8th Cir. 1978).

2. The Rock Island also claimed that the action should be dismissed on the ground that venue was improper. The district court did not reach this issue due to its disposition of the case on statute of limitations grounds. We, of course, intimate no opinion on how this issue should be decided.

June 4, 1977, and making his federal action filed March 25, 1977, timely.[3]

The parties agree that the resolution of this case turns upon interpretation of the opinion of the Supreme Court in *Burnett v. New York Cent. R. R.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). In *Burnett*, the plaintiff, a Kentucky resident, filed an FELA action and obtained service upon the defendant in an Ohio state court. The suit was later dismissed for lack of proper venue. While the suit was pending in state court, the three-year statute of limitations expired. Eight days after the case was dismissed by the state court, but before the time for filing an appeal passed, the plaintiff filed a similar action in the United States District Court for the Southern District of Ohio. Both the district court and the court of appeals sustained the defendant's motion to dismiss on the ground that the plaintiff's complaint was not timely filed. The Supreme Court reversed, holding that filing the state court action tolled the running of the three-year statute of limitations.

The facts in the present case are distinguishable from *Burnett* in only two particulars: (1) In *Burnett*, the statute of limitations expired during the pendency of the state court action; and (2) in *Burnett*, the plaintiff filed his federal court action prior

to the time the state court dismissal order became final. In accord, with the Rock Island's contention, the district court found these distinctions to be crucial. The court held that the *Burnett* case only applies in those instances where the limitation period expires during the pendency of a state court action which is dismissed for improper venue and where suit is then brought in a proper court before the order dismissing the original suit becomes final.[4]

■ We are convinced that the distinctions between the present case and the *Burnett* case do not call for different results in the two cases. In *Burnett*, the Court stated its holding as: "[W]hen a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action." *Burnett v. New York Cent. R. R.*, supra, 380 U.S. at 428, 85 S.Ct. at 1054.[5] All of these requirements are satisfied in this case. Billings timely filed his FELA action in an Illinois state court of competent jurisdiction, service of process was made upon the Rock Island, and the state court action was later dismissed because of improper venue. Therefore, the three-year statute of limitations was tolled during the

3. In his complaint Billings alleged that the statute of limitations was tolled only for 42 days, and this was the number of days used by the district court in its opinion. It makes no difference in the result of this case whether the limitation period was tolled for 42 days or 89 days. Under either calculation Billings' federal court action is timely if the statute of limitations was tolled.

4. The district court stated:

As this Court understands the *Burnett* case, it does not toll the statute of limitations for forty-two days as a result of the Madison County, Illinois, case filed on January 15, 1976, but only tolls the statute in those instances in which cases are filed where the statute expires during the pendency of the state court action before any state court order dismissing the case becomes final.

*Billings v. Chicago, Rock Island & Pac. R. R.*, 435 F.Supp. 1152, 1155 (E.D.Mo.1977). Although it is not suggested by the parties, this language could be interpreted as holding that

*Burnett* only applies when the statute of limitations expires while state court action is pending, without reaching the question of whether in such a situation the suit would have to be filed in federal court before the state action became final in order to be timely, or if the number of days during which the state action was pending would be added to the three-year period. In any event, we reject the notion that either or both of the factual distinctions between *Burnett* and the present case provide an adequate basis for reaching opposite results in the two cases.

5. The Court later restated its holding in language to the same effect: "[We] conclude that when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." *Burnett v. New York Cent. R. R.*, supra, 380 U.S. at 434–35, 85 S.Ct. at 1058.

pendency of the state action. When a statute of limitations is "tolled," its running is suspended or interrupted. *See generally* Ballentine's Law Dictionary 1282 (3d ed. 1969); 54 C.J.S. *Limitations of Actions* § 262 (1948); 21 Am.Jur.2d *Criminal Law* § 158 (1965).[6] Thus, the running of the three-year limitation period was interrupted or suspended for the 89 days during which the state action was pending. The limitation period was extended thereby until June 4, 1977, and Billings' action was timely filed on March 25, 1977.

In support of its position that *Burnett* only applies when the statute of limitations expires while a state court action is pending and an action is then filed in federal court before the state court's dismissal order becomes final, the Rock Island relies on the concluding paragraphs of the *Burnett* opinion. The Court stated:

> We conclude that *a uniform rule tolling the federal statute for the period of the pendency of the state court action and until the state court dismissal order becomes final is fair to both plaintiff and defendant, carries out the purposes of the FELA*, and best serves the policies of uniformity and certainty underlying the federal limitation provision.
>
> Applying these principles to the present case, since petitioner brought a timely suit in the Ohio court, served defendant with process, and, after finding the state action dismissed for improper venue, *filed his suit in the Federal District Court only eight days after the Ohio court dismissed his action, before his time for appealing from the Ohio order had expired, his federal court action was timely.*

*Burnett v. New York Cent. R. R., supra*, 380 U.S. at 435–36, 85 S.Ct. at 1059 (emphasis added). Our reading of the entire opinion convinces us that the first italicized excerpt

merely defines the length of the period for which the statute of limitations is tolled and does not establish a requirement that the limitation period is not tolled at all unless a new action is filed before the state court decision becomes final. In the second italicized excerpt the Court was merely applying the specific facts of the case to general rules which had been stated earlier. It was not limiting its rationale to the precise facts in the case.

■ In addition to basing our decision upon the explicit language of the *Burnett* case, we also note that our decision is in keeping with the humane and remedial purpose of the Federal Employers' Liability Act and the considerations underlying the *Burnett* opinion. In *Burnett*, the Supreme Court recognized that the FELA limitation period is not totally inflexible and stated that "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Burnett v. New York Cent. R. R., supra*, 380 U.S. at 427, 85 S.Ct. at 1054. The primary purpose of statutes of limitations is to protect defendants from having to defend against stale claims at a time when "evidence has been lost, memories have faded, and witnesses have disappeared." *Order of R. R. Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). "This policy of repose, designed to protect defendants, is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights." *Burnett v. New York Cent. R. R., supra*, 380 U.S. at 428, 85 S.Ct. at 1055. *See also Zaoutis v. Kiley*, 558 F.2d 1096 (2d Cir. 1977); *Timoni v. United States*, 135 U.S.App.D.C. 407, 419 F.2d 294 (1969); *Berry v. Pacific Sportfishing, Inc.*, 372 F.2d 213 (9th Cir. 1967); *Eubanks v. Clarke*, 434 F.Supp. 1022, 1029–33 (E.D.Pa.1977); *Pesola v. Inland Tool &*

---

**6.** A careful reading of the Supreme Court's opinion in the *Burnett* case reveals that the Court intended the same meaning when it used the word "tolled." In rejecting the use of the state "saving" statutes, the Court stated: "Similarly, to toll the federal statute for a 'reasonable time' after the state court orders the

plaintiff's action dismissed would create uncertainty as to exactly when the limitation period *again* begins to run." *Burnett v. New York Cent. R. R., supra*, 380 U.S. at 435, 85 S.Ct. at 1058 (emphasis added). *Cf. Johnson v. Railway Express Agency*, 421 U.S. 454, 462–63, 466–67, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

*Mfg., Inc.*, 423 F.Supp. 30 (E.D.Mich.1976); *Taliaferro v. Dykstra*, 388 F.Supp. 957 (E.D. Va.1975); *In re Home-Stake Prod. Co. Secs. Litigation*, 76 F.R.D. 337, 344–45 (N.D.Okl. 1975).

Here the Rock Island was not surprised by the action because it has been alerted to the existence of a controversy concerning Billings' claim of injury when he filed the identical action in state court less than two years after he suffered his injury. *Compare Johnson v. Railway Express Agency*, 421 U.S. 454, 467 & n. 14, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The Rock Island has not claimed it will suffer any prejudice by being required to defend against Billings' claim at this time; nor is any prejudice apparent to the court. *See Taliaferro v. Dykstra, supra*, 388 F.Supp. at 962.

Moreover, sound policy reasons dissuade us from accepting the Rock Island's position concerning the limited application of *Burnett*. If a plaintiff were required to file in federal district court prior to a state court's dismissal order becoming final, it would result in the plaintiff having to make a protective filing in federal court and would interfere with the orderly operation of the state's appellate process. The principles of comity between the state and federal court and efficient use of judicial resources dictate against such a result. We do not believe the Supreme Court intended to create such a requirement by its decision in *Burnett*. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553–54, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Furthermore, to require a plaintiff to file in federal court before the state court dismissal order becomes final would serve to accentuate the differences between the state rules governing the time when an order becomes final. This would partially defeat the Supreme Court's avowed purpose in *Burnett* of creating uniformity among the states.

We conclude that in the circumstances of the present case the policy of repose is outweighed by the interests of justice served by allowing Billings the opportunity to have his claim adjudicated.

The decision of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.