Bonnie REED, Special Administrator of
the Estate of Elmer Reed,
Deceased, Plaintiff,

v.

NORFOLK AND WESTERN RAILWAY
COMPANY, a corporation, Defendant.

No. 85 C 10344.

United States District Court,
N.D. Illinois, E.D.

April 29, 1986.

John T. Papa, Callis & Hartman, P.C.,
Granite City, Ill., for plaintiff.

Robert L. Landess and Elizabeth West
Speidel, Ross & Hardies, Chicago, Ill., for
defendant.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Bonnie Reed, Special Administrator of
the Estate of Elmer Reed, has sued Nor-
folk and Western Railway ("the Railroad")
under the Federal Employers' Liability Act
("FELA"), 45 U.S.C. § 51 *et seq.* Her com-
plaint essentially alleges that Elmer Reed
worked for the Railroad; that he was ver-
bally and psychologically harassed in the
work place; and that this harassment
(which the Railroad negligently allowed to
happen) drove him to suicide on December
1, 1980. The Railroad moves to dismiss on
two grounds: first, that the FELA's three-
year statute of limitations bars this suit,
*see* 45 U.S.C. § 56, and second, that the
complaint fails to state a claim for relief.
Finding for the reasons stated below that
the suit is time-barred, we grant the Rail-
road's motion without reaching the second
issue.

The parties agree that the three-year
limitations clock began running on Decem-
ber 1, 1980, when Elmer Reed took his life.

Bonnie Reed filed a state court suit under the FELA with one tick left on the clock, on November 30, 1983, in Madison County, Illinois. The state court granted the Railroad's motion to dismiss under the doctrine of *forum non conveniens,* since Madison County, Illinois, had no connections to the suit while Frankfort, Indiana, was where the Reeds and most of the witnesses lived, where Elmer Reed worked and where he committed suicide. In its motion, the Railroad agreed to waive the statute of limitations defense if Bonnie Reed would sue anew in Frankfort, Indiana state court or in a federal court embracing Franfort. The Illinois state court granted the motion on January 29, 1985, "conditioned upon the waiver of the statute of limitations upon filing in an appropriate forum." Bonnie Reed did not appeal the dismissal, which became final on February 28, 1985, thirty days after the dismissal and fifteen months after the suit was filed. Rather than refile her suit in Indiana, she filed it here on December 13, 1985, nine and one-half months after the dismissal order became final and just over five years after the cause of action arose. The issue is whether the three-year statute of limitations was tolled so that this otherwise untimely suit is timely.

Two cases tell us how to resolve this issue. In *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), the Court held that "when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." 380 U.S. at 434–35; 85 S.Ct. at 1058. The clock stops "until the state court order dismissing the state action becomes final by the running of time during which an appeal may be taken or the entry of a final judgment on appeal." *Id.* The facts in *Burnett* were almost identical to those in this case. The plaintiff there filed his suit in

state court just one day before his time expired. The suit was dismissed for improper venue,[1] and plaintiff refiled eight days later in federal court. Since this new suit was filed before the time for appeal expired, the Supreme Court held that the new suit was timely.

■ The *Burnett* holding contains an ambiguity which the Eighth Circuit resolved in *Billings v. Chicago, Rock Island and Pacific Railroad Co.,* 581 F.2d 707 (8th Cir.1978). On the one hand, *Burnett* might be read to require filing the new suit *before* the time for appeal of the state court ruling runs. In this case, that would have required Bonnie Reed to file her new suit by February 28, 1985. On the other hand, *Burnett* can be read as tolling the statute *until* the time for appeal runs; that is, to compute the new final day for filing, add the number of days the state suit was pending to the original three-year limitations date. In this case, because Bonnie Reed beat the clock by only one tick, the second approach differs little from the first. Adding the fifteen months the suit was pending to the original limitations date of December 1, 1983, yields a new date of March 1, 1985, which is just one day longer than the date generated by the first approach. The *Billings* court adopted the second approach. 581 F.2d at 710. We need not decide which approach correctly interprets *Burnett,* for even under the more liberal *Billings* approach, it is clear that this case, filed nine and one-half months after March 1, 1985, is untimely.

We reject Bonnie Reed's near-frivolous contention that Illinois limitations rules control because of the *Erie* doctrine. This is a federal question case, not a diversity case in which *Erie* would be relevant, and the *Burnett* court made clear that the uniform federal standard in that case should control FELA cases. However, Bonnie Reed makes a related argument that merits closer attention. This case was dismissed

---

1. In contrast, this suit was dismissed for being brought in an inconvenient forum. We discuss below whether this difference is relevant.

under the state law doctrine of *forum non conveniens* rather than for improper venue, as in *Burnett.* This difference arguably distinguishes this case from *Burnett:* Unlike a venue dismissal, which is usually mandatory when raised, a dismissal for inconvenient forum is usually discretionary, and a court ought not penalize a plaintiff when it exercises its discretion and refuses to provide a lawful but inconvenient forum for the suit. Courts recognize this potential inequity and therefore often require the defendant seeking the *forum non conveniens* dismissal to waive the statute of limitations if the new suit is refiled in a convenient forum within a designated period of time. *See, e.g., Satkowiak v. Chesepeake & Ohio Ry. Co.,* 106 Ill.2d 224, 235, 88 Ill.Dec. 55, 60, 478 N.E.2d 370, 375 (1985) (granting plaintiff one year from date of dismissal to refile case in convenient forum, despite lapse of FELA limitation period during litigation over *forum non conveniens* issue); *Weiser v. Missouri Pacific Railroad Co.,* 98 Ill.2d 359, 373, 74 Ill.Dec. 596, 603, 456 N.E.2d 98, 105 (1983) (same). The state court in this case acted in accord with these cases when it dismissed the case conditioned on the Railroad's waiver of the limitations defense in an "appropriate" forum, although it imposed no time limit for refiling. Bonnie Reed argues that this waiver, which is imposed as a matter of state law under the doctrine of *forum non conveniens,* controls rather than *Burnett,* and that it allows this case to proceed. Her argument is wrong in several respects.

First, assuming that the waiver may operate indefinitely,[2] the limitations defense was not waived in this case. The record is clear that the state court ordered that the defense be waived if the suit is refiled in an "appropriate," that is, a convenient, forum; by that the court meant Frankfort, Indiana. The Northern District of Illinois is obviously no more "appropriate" or "convenient" for this suit than Madison County, Illinois, probably even less so, and Bonnie Reed does not (and cannot) contend otherwise. The court-imposed waiver cannot reasonably be read to extend to a suit refiled in an equally inconvenient forum like this one. Accordingly, we reject Bonnie Reed's waiver argument.

Second, in the alternative, we do not think the state court had unlimited authority to impose a waiver without regard to the teachings of *Burnett.* We see no reason to treat a dismissal for inconvenient forum differently from one for improper venue. The logic of *Burnett* applies to both procedural dismissals.[3] That *forum non conveniens* is more discretionary is of no great importance,[4] because the *Burnett* rule fully protects a plaintiff whose case is dismissed for *forum non conveniens* as well.

**2.** There was no time limit imposed by the court in this case, as noted before. However, it is clear that the court-imposed waiver could not be effective forever. We assume that laches, and perhaps other doctrines, would prevent a plaintiff from waiting too long to refile.

**3.** The Court struck a balance between the policies of giving repose to a defendant and of giving a plaintiff who has not slept on his rights a chance to litigate. 380 U.S. at 428–29, 85 S.Ct. at 1054–55. The *Burnett* rule strikes a nice balance between the two policies, since it does not count against the plaintiff the time spent in litigation over his or her choice of forum yet does not give the plaintiff any *more* time than this. The Court also sought to achieve national uniformity in FELA cases. *Id.* at 433–36, 85 S.Ct. at 1057–58. The Court eliminated non-uniformities between suits brought in federal and state courts and also between those brought in different state courts. *Id.* These two policies—

balancing the rights of plaintiff and defendant and creating state/federal and state/state uniformity—apply with equal force to a suit dismissed for *forum non conveniens* and one dismissed for improper venue.

**4.** In many cases, a dismissal for *forum non conveniens* is not more discretionary than one for mislaid venue. In both *Satkowiak* and *Wieser,* the Illinois Supreme Court held that a trial judge abused its discretion in not dismissing an inconvenient suit. Clearly, then, there are some suits which are so inconvenient that a court *must* dismiss them. The court would abuse its discretion to refuse to dismiss and thus it has no discretion in the matter. This is just such a case. Thus, this case is also like *Burnett* in that both dismissals were mandatory once the defense was raised. That *forum non conveniens* derives from common law and venue from statute poses no relevant distinction.

The point of *Burnett* is that a FELA plaintiff not suffer for filing a timely suit in the wrong forum. Whether the forum is wrong because of a state statute, as in the venue case, or because of common law, as in the *forum non conveniens* case, the *Burnett* solution adequately protects the plaintiff, since it tolls the statute while the inconvenient state suit pends. Thus, we disagree with Bonnie Reed that *Burnett* is not relevant to the *forum non conveniens* context.

 Because *Burnett* applies to this case, principles of federal supremacy demand that a state court not have unlimited discretion to waive the FELA limitations period. *Burnett* defines the limitations on the right to relief under the FELA, and this is a federal matter. While a state can do what it wants with one of its *own* statutes of limitations, a state cannot have unlimited discretion by virtue of the *state law* doctrine of *forum non conveniens* to extend the *federal* limitations period of the FELA and thereby interfere with the uniformity the *Burnett* court was seeking. We therefore conclude that any waiver imposed by a state court under the doctrine of *forum non conveniens* must be consistent with *Burnett*.[5]

In this case, the waiver contained no express time limitation. Clearly, our above analysis implies generally that the waiver cannot be indefinite and specifically, that *Burnett* caps the waiver. As shown earlier, March 1, 1985, is the last day *Burnett* permitted this suit to be filed. Thus, even if the state court on January 29, 1985,

extended its waiver to a suit filed in this district, it could not by virtue of *Burnett* have extended that waiver beyond March 1, 1985.[6]

The various analyses above compel the same conclusion. This suit is barred by the statute of limitations. The Railroad's motion to dismiss is therefore granted. It is so ordered.

---

5. While both *Satkowiak* and *Wieser* both set one year waiver periods without explicitly consulting *Burnett,* neither case gave the plaintiff *more* time than *Burnett* allows. Assuming *Burnett* would have required tolling the statute while both of those cases were pending, the one-year extensions granted in those cases were actually *shorter* than the periods *Burnett* would have allowed. In *Satkowiak,* the state suit was filed just thirteen months after the accident, so plaintiff there would have had almost two years after the dismissal to refile, assuming "version two" of *Burnett* applied. The *Wieser* suit was filed about only fourteen or fifteen months following the accident, giving plaintiff there up to one and three-fourths years to refile following the dis-

missal. We express no opinion on whether these courts had authority to *shorten* the *Burnett* period as they did.

6. Of course, this reasoning applies only to court-imposed waivers. A defendant is free to waive a statute of limitations indefinitely. The defendant here appeared to make such a waiver with respect to a suit refiled in or near Frankfort, Indiana. We express no opinion on whether plaintiff's decision to file here instead will now preclude her, by virtue of *res judicata* or some other doctrine, from refiling her suit in Indiana.