## In re CHECK REPORTING SERVICES, INC., Debtor.

### James W. BOYD, Trustee,

v.

### BRIARWOOD FORD, INC., Fingerle-Hollister–Wood Lumber Co., Fingerle Lumber Company, Plaintiffs.

Bankruptcy No. SL 89–00270.

Adv. Nos. 91–8287, 91–8176 and 91–8195.

United States Bankruptcy Court, W.D. Michigan.

Nov. 13, 1991.

John T. Piggins, Grand Rapids, Mich., for James W. Boyd.

Michael G. Cruse, Bloomfield Hills, Mich., for Briarwood Ford, Inc.

Keith O. Smillie, Ypsilanti, Mich., for Fingerle–Hollister–Wood Lumber Co.

Bruce N. Elliott, Ann Arbor, Mich., for Fingerle Lumber Co.

MEMORANDUM OPINION REGARDING STATUTE OF LIMITATIONS AS TO CERTAIN PREFERENCE DEFENDANTS

JO ANN C. STEVENSON, Bankruptcy Judge.

Because the issues raised by defendants Fingerle Lumber Company ("Fingerle Lumber"), Fingerle–Hollister–Wood Lumber Co. ("Fingerle–Hollister"), and Briarwood Ford, Inc. ("Briarwood Ford") are virtually identical and stem from the same procedural scenario, we have consolidated their motions for summary judgment and issue this opinion in disposition thereof.

These motions arise in a case referred to this court by the Standing Order of Reference entered in this district on July 24, 1984, and is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Accordingly, the court is authorized to enter a final order in this proceeding subject to the appeal provision of 28 U.S.C. § 158.

The following constitute the court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052.

On January 24, 1989, an involuntary chapter 11 petition was filed against Debtor, Check Reporting Services, Inc. ("CRS"). On February 15, 1989 a consensual order for relief under chapter 11 was entered, and on March 1, 1989, John Walhout was appointed chapter 11 Trustee.[1]

On February 28, 1991, chapter 11 Trustee Walhout filed a two count complaint against approximately one thousand defendants. Defendant Fingerle Lumber was listed individually and, along with four other defendants, as representative for all members of the proposed defendant class of CRS' customers who received preferential transfers. Defendants Briarwood Ford and Fingerle–Hollister were listed both as members of the class and separately. Claiming that there were common questions of law and fact as to the prefer-

---

1. CRS was eventually converted to chapter 7 on September 11, 1991, and James Boyd was appointed Trustee pursuant to this court's September 13, 1991, order. On October 8, 1991 an order substituting Trustee Boyd for Trustee Walhout as plaintiff in this and other adversary proceedings was entered.

ential payments received by each of them, Count I sought certification of the action as a class action pursuant to Fed.R.Bankr.P. 7023(b)(1) and (3). Paragraphs one through seven of Count I contained the requisite statements of jurisdiction and venue as well as allegations as to the dates the involuntary chapter 11 was filed, the order for relief entered, and Trustee Walhout appointed. In addition, the necessary elements for recovery of a Section 547 preference were plead.[2]

Count II reiterated allegations one through seven of Count I, and sought to recover preferential payments from each defendant individually.

The court directed that summonses not be issued and served until the question of whether the lawsuit could be maintained as a class action was resolved. Considering Count I of the Trustee's complaint as a motion for class certification pursuant to Rule 7023(c), a hearing was held on April 3, 1991, on the class certification question. The Trustee's motion for class certification was denied in an opinion delivered from the bench.[3]

The order conforming to the court's bench opinion was signed on April 3, 1991, ("the April 3 order") and entered on the docket on April 4, 1991. Necessarily, the Trustee's complaint still contained Count II. The bench opinion concluded that among the reasons a class action was not properly maintainable was that the defendants could not properly be joined in one

action pursuant to Fed.R.Bankr.P. 7020(a) since the Trustee was not "assert[ing] against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." For the same reason the action could not continue as one suit. Accordingly, the April 3 order provided that the Trustee

... shall have until 4:30 p.m. on May 3, 1991, to file amended complaints against each defendant (or defendants) included in this cause of action against whom the Trustee wishes to proceed. Each such complaint which is timely filed shall be considered filed as of the date of the filing of the original complaint in this case.

In compliance with the April 3 order, the Trustee filed two separate amended complaints against defendants Fingerle Lumber and Fingerle–Hollister on April 30, 1991, and one against Briarwood Ford on May 2, 1991.

The gravamen of the three defendants' motions for summary judgment is that the individual preference actions were commenced after the two-year statute of limitations of 11 U.S.C. § 546(a) had run.[4] Specifically, Fingerle Lumber contends that: (1) since the amended complaint was filed on April 30, 1991, this was beyond the two-year limitation of § 546(a)(1); (2) the statute of limitations was not tolled pending class certification because the defendants

---

**2.** Section 547(b) of the Bankruptcy Code, 11 U.S.C. § 547(b) provides as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if

(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**3.** Should there be an appeal of this opinion, the transcript of the April 3, 1991, bench opinion is to be attached hereto.

**4.** Section 546(a) of the Bankruptcy Code, 11 U.S.C. § 546(a), provides as follows:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of
(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

did not receive notice of the preference adversary until after the statute of limitations had run; (3) the initial complaint should never have been filed as a class action; and (4) any tolling of the statute of limitations ceased upon the court's entry of the April 3 order denying the motion to certify the class.

Although represented by two different law firms, defendants Briarwood Ford and Fingerle–Hollister have submitted identical briefs in which they claim that (1) the two-year statute of limitations period of § 546(a) was not tolled by the Trustee's class action filed on February 28, 1991; (2) if the period was tolled, the tolling ended with the April 3 order denying class certification; and (3) tolling cannot be based on Count II, because the initial complaint was dismissed.

Under Fed.R.Bankr.P. 7056(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Pitts v. Michael Miller Car Rental*, 942 F.2d 1067, 1069 (6th Cir.1991), citing *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir.1988).

The parties do not dispute that the Trustee's complaint was filed on February 28, 1991; the last day the Trustee could have timely filed his complaint in compliance with the two-year statute of limitation requirement of Section 546(a) was March 1, 1991; and that amended complaints were filed against defendants Fingerle Lumber and Fingerle–Hollister on April 30, and against Briarwood Ford on May 2. As the pleadings reveal no genuine issue of material fact to be resolved by the fact finder, this matter is ripe for resolution pursuant to summary judgment. *See Buckner v. City of Highland Park*, 901 F.2d 491, 494 (6th Cir.1990).

The Defendants have devoted considerable energy and time, both in their briefs and at the hearing, discussing tolling.[5] In pursuing this line of argument the defendants have overlooked a crucial distinction between this case and the tolling cases they have cited in the context of class action suits. Tolling, equitable or otherwise, is not at issue here, since the original complaint was timely filed, named these defendants individually, with Count II seeking relief against them in their individual capacity. And the original complaint has never been dismissed.

Although defendants might have us believe otherwise, these motions can be resolved by carefully examining both the Trustee's initial complaint and several fundamental rules of civil procedure.

We start with Fed.R.Bankr.P. 7003 which incorporates in its entirety Fed.R.Civ.P. 3. Rule 3 states

*Rule 3.    Commencement of Action*

A civil action is commenced by filing a complaint with the court.

The theory of Rule 3 is that a lawsuit is a matter of public record and that certainty with regard to fixing the time a suit is instituted is valuable for a number of purposes including whether the suit is barred by the applicable statute of limitations, *Century Hardware Corp. v. Powermail Co.*, 282 F.Supp. 223 (D.C.Wis.1968). To pursue a preference, 541(a)(1) mandates that the Trustee file his cause of action within two years of his appointment without regard to any additional time which

---

(2) the time the case is closed or dismissed.

**5.** When a statute of limitations is "tolled," its running is suspended or temporarily stopped. *See generally*, Black's Law Dictionary 1488 (6th Ed.1990); 54 C.J.S. *Limitations of Actions* § 213 (1987). "While the limitations period is 'tolled' for some purposes upon the filing of a complaint, this notion of tolling is a very limited one. Generally, but for outside influences which may sometimes toll the running of the

limitations period (*e.g.*, insanity, minority, etc.) the statute of limitations is not otherwise 'interrupted.'" *Harris v. City of Canton, Ohio*, 725 F.2d 371, 376 (6th Cir.1984). Where plaintiff has not timely filed suit during the limitations period because of inducement by the defendant, *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) or fraudulent concealment, *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), the Supreme Court has found the statu-

might be added to the two year period by referencing the Federal Rules of Bankruptcy Procedure. *In re Butcher*, 829 F.2d 596 (6th Cir.1987), *cert. denied sub nom. Martin v. First National Bank*, 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988).

The Trustee's initial two count lawsuit was timely filed on February 28, 1991, before the statute expired.

The filing of the complaint satisfies the requirements of Rule 3 and the action is "pending" unless dismissed by the court under Rule 4(j)[6] for failure to serve process within 120 days of filing. The filing of a complaint commences a federal question for statute of limitations purposes, but only provisionally. A complaint timely commenced still risks dismissal if process is not served within 120 days of filing and good cause is not shown.[7]

Fed.R.Bankr.P. 7004(a) provides that Fed.R.Civ.P. 4(j) applies in adversary proceedings. That rule sets a time limit of 120 days after the complaint is filed for service of the summons and complaint on a defendant. Fingerle–Hollister, Fingerle Lumber, and Briarwood Ford were served on May 10, 13, and 29 respectively—well before June 28, 1991, the 120th day after the February 28, 1991 filing of the complaint. Rule 7004(f) gives a summons a short life of only ten days.[8] The defendants do not claim, however, they were served with a "stale" summons.

■ The original timely filed complaint also named these defendants in their individual capacity. Although a suit filed as a class action may not meet the requirements of Fed.R.Civ.P. 23[9] the suit is not subject to dismissal if it also states a claim for relief against a named defendant or defendants individually. *Lumbermens Mut. Cas. Co. v. Rhodes*, 403 F.2d 2 (10th Cir. 1968), *cert. den.* 394 U.S. 965, 89 S.Ct. 1319, 22 L.Ed.2d 567. As explained by the Eighth Circuit in *Montgomery Ward and Company v. Langer*, 168 F.2d 182, 188 (1948) "... [i]n the instant case, even if Rule 23(a)(1) were inapplicable, the complaint could not properly have been dismissed, because it states a claim against the defendants individually upon which some relief could be granted."

■ The Trustee has plead all the requisite elements of a 547 preference cause of action against the defendants individually. Since the Trustee's two count complaint seeking alternative relief against these named defendants individually, was filed within the statute of limitations and summons served within the time requirements of 7004(a), we need not discuss the tolling problems addressed in the class action suits of *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and *Crown Cork and Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Both *American Pipe* and *Crown Cork* are factually and legally distinguishable. In neither case did the complaint seek alternative relief against named defendants in their individual capacity.

---

tory period tolled because of the defendant's conduct.

6. Fed.R.Civ.P. 4(j) states as follows:

Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

7. *See* Wright & Miller, Federal Practice and Procedure: Civil 2nd 1056 (2nd Ed.1987) which

extensively discusses the relationship between Rule 3 and tolling of the statute of limitations.

8. Subsection (f) of Rule 7004 provides as follows:

Summons: Time Limit for Service. If service is made pursuant to Rule 4(d)(1)–(6) FR Civ P it shall be made by delivery of the summons and complaint within 10 days following issuance of the summons. If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

9. Federal Rule of Bankruptcy Procedure 7023 is identical to Rule 23, class actions.

Nor does *Chevalier v. Baird Savings Ass'n.*, 72 F.R.D. 140 (E.D.Pa.1976) aid defendants. *Chevalier* holds that the tolling doctrine can only be applied to defendants as of the time they were added as defendants. Here, that occurred when the original complaint was filed. We remain somewhat mystified as to why counsel cited *Billings v. Chicago, R.I. and P.R. Co.*, 581 F.2d 707 (8th Cir.1978), as no state action was commenced here. In *Billings* the Eighth Circuit determined that the three-year statute of limitations governing the Federal Employers' Liability Act was tolled by the plaintiff's initial timely filing of the action in state court, thus making plaintiff's later-filed federal action timely.

The Trustee's original complaint has not been dismissed. Nor did the April 3 order have the effect of dismissing the complaint. Accordingly, *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir.1987) is inapplicable. At best the April 3 order dismissed count I. Having ruled that the class action was inappropriate and further that the defendants could not be permissibly joined in one suit, the court looked to Fed. R.Bankr.P. 7021 for guidance. Rule 7021 incorporates Fed.R.Civ.P. 21 and provides:

> *Rule 21. Misjoinder and Nonjoinder of Parties. Misjoinder of parties is not ground for dismissal of an action.* Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. *Any claim against a party may be severed and proceeded with separately.* (Emphasis added).

In compliance with Rule 7021 the April 3 order directed the Trustee to file separate amended complaints as to each named defendant it wished to pursue on or before 4:30 p.m. on May 3, 1991. We reject as erroneous the defendants' mischaracterization of the April 3 order as impermissibly extending the two year statute of limitation imposed by 546(a). Rather that order complied with Rule 7021 as well as Fed. R.Bankr.P. 7015(a) and (c).[10]

Since the defendants had not yet been individually served no responsive pleadings had been received. As the amended complaints simply restated the allegations of Count II asserted in the original complaint, in compliance with 7015(c) the amended complaints relate back to the original February 28, 1991 filing date.

Having previously concluded that the lawsuit was not a proper one for certification as a class action, we need not revisit that issue here.

▮ Finally, we feel it necessary to address a "notice" argument raised by Fingerle Lumber at the November 6, 1991 hearing. Counsel claims defendant was prejudiced because the one thousand plus defendants were not given notice of the April 3, 1991 hearing on the Trustee's motion to certify the class. He admits, however, that had defendant Fingerle Lumber been given notice it would have opposed class certification. Notwithstanding that Rule 7023 does not require that members of a class be given notice of a hearing to certify a class,[11] we fail to see how there can be

---

**10.** Federal Rule of Bankruptcy Procedure 7015 provides in pertinent part:

(a) *Amendments.* A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served ...

. . . . .

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the

amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

**11.** "Whether the court should require notice to be given to members of a class of its intention to make a determination, or of the order embodying it, is left to the court's discretion under subdivision [23](d)(2)." 3B James Wm. Moore, *Et Al.* Moore's Federal Practice 23.50 (2d ed. 1991).

prejudice where the defendant agrees that the court's denial of certification was correct.

Having taken a closer look at this argument we believe that the crux of defendant's lack of notice complaint relates to having missed an earlier opportunity to argue that the lawsuit should be dismissed due to the misjoinder of the defendants. Even if this argument had been made at the April 3 hearing the court would not have, and in fact could not have, dismissed the complaint solely because of the misjoinder of defendants. First, the complaint stated a preference count against all defendants individually. *See Montgomery Ward and Co.*, supra. And second, Rule 7021 specifically prohibits dismissal based solely on the misjoinder of parties.

We have carefully reviewed and analyzed *Michaels Building Company v. Ameritrust Company, N.A.*, 848 F.2d 674 (6th Cir.1988), first brought to the court's attention at the November 6 hearing. In *Michaels Building* the Sixth Circuit affirmed the district court's dismissal of several misjoined defendants from a pending action, explaining that it is within the trial court's discretion to do so. The original lawsuit was not dismissed although several claims were because they were not properly plead as to several of the misjoined defendants who were also dismissed. Specifically, the misjoined defendants were dismissed from the lawsuit because the cause of action asserted against them did not relate to the same transaction or occurrences as the cause of action against the remaining class action defendants. Those pleading deficiencies, however, are not analogous to the procedural posture of Trustee Walhout's lawsuit. Significantly, no statute of limitations question was at issue in *Michaels Building*.

Based on the status of the statute of limitations on April 3, the continued vitality of count II following denial of the Trustee's motion to certify the class, and the number of defendants individually named, we believe that dismissal of one, all or some defendants based solely on misjoinder

might well have been an abuse of discretion.

For the reasons stated herein, the defendants' motions for summary judgment are hereby denied. The court will produce the necessary orders.