Kenneth John GIBBS, Appellant,

v.

ILLINOIS CENTRAL GULF RAILROAD COMPANY, Appellee.

No. 86–1604.

Supreme Court of Iowa.

March 16, 1988.

John T. Papa and Derald L. Gab of Pratt and Callis, P.C., East Alton, Ill., and James A. Pratt of Heithoff, Pratt & Heithoff, Council Bluffs, for appellant.

John D. Sens of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Plaintiff, Kenneth John Gibbs, brought this Federal Employer's Liability Act (FELA) claim against defendant, Illinois Central Gulf Railroad Company (Illinois Central) based upon job-related injuries. Gibbs' earlier filing of an action in Missouri state court on the same cause of action was dismissed on the basis of forum non conveniens. Upon sustaining defendant's motion for summary judgment, the district court dismissed the present case as untimely. Gibbs appeals that decision, claiming the Missouri action tolled the FELA statute of limitations and gave adequate notice of his claim to defendant. We conclude that although the Missouri filing tolled the statute of limitations during the pendency of the Missouri action, Gibbs' subsequent filing in Iowa, after the Missouri action became final, was not timely under the FELA. Therefore, we affirm.

I. *Background facts and proceedings.* Gibbs' petition alleged in three separate counts that he had suffered work-related injuries due to negligence on the part of his employer, the defendant, on three separate occasions: August 29, 1981; October of 1981; and February of 1982. All of the injuries resulted from work Gibbs was do-ing to clean and maintain Illinois Central's tracks and switches at various locations in Iowa.

Gibbs first filed suit in the circuit court for the city of St. Louis, Missouri, in August of 1984. The exact date of that filing is not made clear in the record. St. Louis is a principal place of business of Illinois Central.

Illinois Central filed a motion to dismiss Gibbs' Missouri action on the basis of forum non conveniens, arguing that the same suit would be tried sooner and at much less expense in Iowa. Gibbs confessed defendant's motion, and the Missouri court entered an order dismissing the case on January 11, 1985.

Gibbs subsequently filed this action in the Iowa district court on September 16, 1985. Illinois Central moved for summary judgment and asked for dismissal of the Iowa petition, arguing that the FELA three-year statute of limitations had elapsed even though the statutory clock was tolled during the period the Missouri action was pending. The district court agreed with Illinois Central, sustained the motion for summary judgment and dismissed the action as untimely. The record consists of the pleadings, answers to interrogatories, and affidavits with exhibits.

II. *FELA statute of limitations.* Gibbs asserts that the trial court's ruling granting summary judgment to defendant was in error. We review to determine whether any genuine issue of fact existed and to determine whether the law has been correctly applied. *Brown v. Monticello State Bank of Monticello*, 360 N.W.2d 81, 83–84 (Iowa 1984). No material facts appear to be in dispute under the record.

The FELA statute of limitations, codified in 45 U.S.C.A. section 56, provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." A cause of action under this section generally "accrues" when the employee becomes aware that he or she has sustained an injury. Explaining this

general rule, the Eighth Circuit Court of Appeals stated:

In cases involving traumatic injury, when the symptoms are immediately manifested so that the employee is aware of the event causing the injury, the cause of action accrues upon the occurrence of the injury, regardless of whether the full extent of the disability is known at that time. By the same token, with industrial diseases, where the symptoms are not immediately manifested, the cause of action does not accrue until the employee is aware or should be aware of his condition.

*Fletcher v. Union Pac. R.R.*, 621 F.2d 902, 907 (8th Cir.1980), *cert. denied*, 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981) (citations omitted). Gibbs' injuries were "traumatic" as the Eighth Circuit used that term, and Gibbs listed the dates those injuries occurred, at least generally, in his original petition. The trial court found that Gibbs' filing was untimely for all three injuries. We look initially at the most recent injury. Under this record, if Gibbs' Iowa filing was untimely as to the accrual date of that injury, it was untimely as to all three.

In his petition, Gibbs placed the date of his most recent injury as February of 1982. He did not give an exact date for that injury, but in his response to Illinois Central's interrogatories, he admitted seeing a physician on February 3, 1982, concerning the injury sustained in February of 1982. Assuming, arguendo, that the injury occurred on February 3, the most recent date possible, the FELA statute of limitations normally would have run on Gibbs' most recent cause of action on February 3, 1985.

Gibbs' filing in Iowa on September 16, 1985, was well beyond the limitation period, but his Missouri petition filed in August of 1984 was within that period. Although the Missouri action was dismissed on venue grounds, the United States Supreme Court held in *Burnett v. New York Central Railroad Company*, 380 U.S. 424, 434–35, 85 S.Ct. 1050, 1058, 13 L.Ed.2d 941, 949 (1965), that "when a plaintiff begins a timely FELA action in a state court having juris-diction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." *Cf. Reed v. Norfolk and Western Ry.*, 635 F.Supp. 1166 (N.D.Ill.1986) (no reason to treat dismissal for inconvenient forum differently from one for improper venue).

Using more specific language later in the *Burnett* opinion, the Court said "the limitation provision is tolled until the state court order dismissing the state action becomes final by the running of the time during which an appeal may be taken...." 380 U.S. at 435, 85 S.Ct. at 1058, 13 L.Ed.2d at 949. This tolling rule applies not only to cases in which the three-year period runs during the pendency of the state action, but also to cases where the state action begins and is finalized before the three-year period ends. *See Billings v. Chicago, R.I. & Pac. R.R.*, 581 F.2d 707, 709 (8th Cir.1978); *Reed*, 635 F.Supp. at 1167 (explaining the expansion of the *Burnett* rule by *Billings*).

It is undisputed that the Missouri state court had jurisdiction and that the defendant was properly served. The length of time the Missouri action was pending, however, is not certain. The record does not reflect when in August of 1984 Gibbs filed his suit in Missouri. Illinois Central states that the suit was on file beginning August 17, 1984, the date appearing on the summons issued to Illinois Central. The trial court, viewing this matter in the light most favorable to Gibbs, assumed that the Missouri case was filed on August 1, 1984. We need not decide which date is correct because we reach the same result whether the statute was tolled on August 1 or August 17.

The order dismissing the Missouri action was filed with the clerk of court in Missouri on January 11, 1985. Under Missouri's rules of civil procedure, a court ruling must be appealed "not later than ten days after the judgment or order appealed from *becomes final.*" Mo.R.Civ.P. 81.04(a) (emphasis added). Based upon this language, the trial court and both parties to

this appeal concluded that Gibbs' action in Missouri was no longer pending on January 22, 1985, the day after the ten-day appeal period expired.

Looking to Missouri's statutes, we note, however, that "a judgment *becomes final* at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed." Mo.R.Civ.P. 81.-05(a) (emphasis added). No new trial motion was filed. Reading these two Missouri statutes together, it would appear that Gibbs' action did not become final until thirty days after the order was entered and was no longer pending ten days thereafter on February 21, 1985. *See Watkins v. Watkins,* 556 S.W.2d 215, 215 (Mo.Ct.App. 1977).

■ Nevertheless, we need not pass on the question whether Gibbs had ten days or forty days to appeal under Missouri law. Whichever date is used to determine the period of pendency of the Missouri action, we reach the same result. Giving Gibbs the most possible leeway, the Missouri action tolled the FELA statute of limitations on August 1, 1984, stopping the statutory clock 186 days before the statute of limitations would have run on February 3, 1985. The statutory clock began ticking again, at the latest, on February 21, 1985. Counting 186 days after February 21, 1985, yields August 26, 1985. Under the most favorable set of facts to Gibbs, this action, filed on September 16, fell three weeks after the statute of limitations had run on his most recent injury.

Gibbs does not contest this finding. Rather, he argues that his Missouri filing sufficiently notified Illinois Central of his complaint, and that defendant will not be prejudiced if Gibbs' suit is allowed to proceed. He points to the Supreme Court's language in *Burnett* which states:

The basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one "of legislative intent whether the right shall be enforceable ... after the prescribed time." .... As this Court has expressly held, the FELA limitation period is not totally inflexible but,

under appropriate circumstances, it may be extended beyond three years.

380 U.S. at 426–27, 85 S.Ct. at 1053–54, 13 L.Ed.2d at 944–45 (citations omitted).

While we agree that, in order to promote the interests of justice, the enforcement of statutes of limitation should be flexible in some cases, this is not such a case. The general policy considerations behind statutes of limitation include assuring fairness to defendants and relieving courts of the burden of trying stale claims when a plaintiff has slept on his rights. *Id.* at 428, 85 S.Ct. at 1054, 13 L.Ed.2d at 945; *cf. Cameron v. Hardisty,* 407 N.W.2d 595, 597 (Iowa 1987) ("forum *always* has a primary interest in protecting its courts and litigants from stale claims"). Explaining when the interests of justice outweigh these policies, the Supreme Court stated:

This policy of [putting claims to rest], designed to protect defendants, is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights. Thus, this Court has held that an FELA action is not barred, though brought more than three years after the cause of action accrued, where a defendant misled the plaintiff into believing that he had more than three years in which to bring the action. Moreover, it has been held that the FELA limitation provision is tolled when war has prevented a plaintiff from bringing his suit, even though a defendant in such a case might not know of the plaintiff's disability and might believe that the statute of limitations renders him immune from suit. In such cases a plaintiff has not slept on his rights but, rather, has been prevented from asserting them.

380 U.S. at 428–29, 85 S.Ct. at 1055, 13 L.Ed.2d at 945–46 (citations omitted).

Nothing prevented Gibbs from filing this action for the eight months that passed between the dismissal in Missouri and this Iowa filing. After his original petition was dismissed, it appears Gibbs did sleep on his rights. By suggesting that his Missouri filing satisfied the principal policy behind statutes of limitation because it sufficiently

notified Illinois Central of his complaint within the three-year period, Gibbs, in essence, asks us to decide that the timely Missouri filing did not merely toll the statutory limitation period, but stopped it altogether. We do not believe that Congress intended such a result when it enacted the FELA nor do we believe that Gibbs' position is supported by the *Burnett* opinion or other authority.

III. *Disposition.* Accordingly, we affirm the decision of the trial court sustaining defendant's motion for summary judgment and dismissing Gibbs' petition.

AFFIRMED.