**Richard L. ROYCE, Appellant,**

v.

**John HOENING, Jr., Jeanne Hoening, Horak Law Offices, Robert L. Horak and Mark J. Rasmussen, Appellees.**

No. 87–489.

Supreme Court of Iowa.

May 11, 1988.

Charles E. Hird, Jefferson, for appellant.

Robert L. Horak, and Mark J. Rasmussen of Horak Law Offices, Jefferson, for appellees John Hoening, Jr. and Jeanne Hoening.

Randy Duncan, and Thomas P. Jorgensen of Duncan, Jones, Riley & Finley, Des Moines, for appellees Robert L. Horak, Mark J. Rasmussen, and Horak Law Offices.

Considered by LARSON, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

The district court granted summary judgment for defendants in this action for malicious prosecution and abuse of process. On appeal, plaintiff Richard Royce claims the existence of disputed facts making resolution of the controversy by way of summary judgment inappropriate. He also urges this court to abandon the "special injury" rule for proof of damages in a malicious prosecution claim. Finding no merit in plaintiff's contentions, we affirm.

I. *Background.* Plaintiff Richard Royce leased a house in Grand Junction, Iowa, to defendants John and Jeanne Hoening. In November 1983, Royce commenced a forcible entry and detainer action to remove Hoenings from the premises based on their failure to pay rent. Hoenings hired attorney Robert L. Horak to defend them. Horak filed a counterclaim alleging Royce breached an oral option contract for purchase of the rental property. As finally amended, this counterclaim prayed for damages in excess of $5000 based on financial losses sustained by Hoenings in reliance on Royce's alleged misrepresentation.

Royce moved for summary judgment. The district court overruled the motion, finding a factual dispute concerning

Royce's offer to sell, and Hoenings' agreement to purchase, the leased premises. Proceeding to trial on the merits, Royce prevailed on his action to remove Hoenings from the property. The trial court dismissed Hoenings' counterclaim based on their failure to prove an enforceable option contract by a preponderance of the evidence. Royce was awarded $138 for damage to the property, and costs of $922 were assessed against Hoenings.

Royce then commenced the present action for malicious prosecution and abuse of process. He claimed that Hoenings and their counsel had willfully pursued the counterclaim in the former action for an improper and malicious purpose, thereby abusing civil process and causing Royce to suffer humiliation, anxiety, pain, harm to his reputation, and extraordinary legal fees and expenses.

Defendants responded with a general denial and, after taking Royce's discovery deposition, moved for summary judgment. Ruling in defendants' favor, the district court concluded that Royce could not support his claim that Hoenings pursued their counterclaim for an improper, collateral purpose nor did mere dismissal of the counterclaim demonstrate abuse of process. The court further concluded that Royce failed to prove two of the six essential elements of malicious prosecution. It is from this ruling that Royce has appealed.

II. *Scope of Review.* In actions for malicious prosecution and abuse of process, our review is limited to correction of errors at law. Iowa R.App.P. 4. Because this case reaches us on summary judgment, our task is to determine whether any disputed issues of material fact exist which would render summary judgment inappropriate and, if not, whether the trial court correctly applied the law to the undisputed facts. *Gibbs v. Illinois Cent. Gulf R.R. Co.,* 420 N.W.2d 446, 447 (Iowa 1988); *see also* Iowa R.Civ.P. 237(c). The burden is upon the defendants to show the nonexistence of material facts and to prove they are entitled to judgment as a matter of law. *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984). Every legitimate inference that can be reasonably deduced from the evidence must be afforded the party resisting the summary judgment motion, and a question of fact is generated if reasonable minds could differ on how the issue should be resolved. *Northrup v. Farmland Indus., Inc.,* 372 N.W.2d 193, 195 (Iowa 1985). But entry of summary judgment is proper if the conflict in the record concerns only the legal consequences flowing from undisputed facts. *Jacobs v. Stover,* 243 N.W.2d 642, 643 (Iowa 1976).

With these principles in mind, we review the applicable law in light of the evidence before the district court.

III. *Malicious Prosecution.* To prevail on a claim for malicious prosecution, the plaintiff must establish each of the following six elements: (1) a previous prosecution, (2) instigation of that prosecution by the defendant, (3) termination of that prosecution by acquittal or discharge of the plaintiff, (4) want of probable cause, (5) malice on the part of defendant for bringing the prosecution, and (6) damage to plaintiff. *Sarvold v. Dodson,* 237 N.W.2d 447, 448 (Iowa 1976). Additionally, Iowa has adopted what is known as the "special injury rule" which requires that the sixth element, damages, can only be sustained by proof of arrest, seizure of property, or other "special injury ... which would not necessarily result in all suits prosecuted to recover for like causes of action." *Brody v. Ruby,* 267 N.W.2d 902, 904 (Iowa 1978); *accord Bickel v. Mackie,* 447 F.Supp. 1376, 1379 (N.D.Iowa) *aff'd* 590 F.2d 341 (8th Cir.1978); *Aalfs v. Aalfs,* 256 Iowa 156, 163, 66 N.W.2d 121, 124 (1954); *Wetmore v. Mellinger,* 64 Iowa 741, 744, 18 N.W. 870, 871 (1884).

Neither party disputes the district court's finding that the first three elements were established by the record. Nor do the parties contest the court's conclusion that the fifth element, malice, *could* be inferred from want of probable cause. *See Davis v. Rudolph,* 243 Iowa 744, 750, 52 N.W.2d 15, 19 (1952). At issue is the court's conclusion that plaintiff is unable to prove, as a matter of law, the fourth and sixth elements pertaining to probable cause and

special injury. We shall consider those elements in turn.

A. *Probable cause.* Royce relies on *Schnathorst v. Williams,* 240 Iowa 561, 574, 36 N.W.2d 739, 745–46 (1949) for the general proposition that the court's dismissal of Hoenings' counterclaim in the former action furnished prima facie evidence of lack of probable cause to institute the claim. While correctly citing the general rule, Royce's reliance on *Schnathorst* is misplaced. In *Schnathorst,* the plaintiff was arrested and jailed for larceny. A grand jury refused to indict him so the county attorney dismissed the charges. *Id.* at 563, 36 N.W.2d at 741. In Schnathorst's later action for malicious prosecution, we held that refusal to indict followed by dismissal established prima facie evidence of want of probable cause. *Id.* at 572, 36 N.W.2d at 745–46.

■ Here, Hoenings' counterclaim was not dismissed until a full trial on the merits persuaded the trial court that Hoenings were unable to prove the existence of an option contract with Royce. In contrast to *Schnathorst,* where the county attorney voluntarily dismissed the charge in the face of a grand jury's refusal to indict, Hoenings had prevailed on Royce's motion for summary judgment, having convinced the trial court that disputed issues of material fact existed. Moreover, Royce's deposition testimony confirmed conversations between Royce and Hoenings over sale of the house. Thus we can find no error in the trial court's conclusion that Hoenings rebutted any *Schnathorst* presumption and indeed had probable cause to file their counterclaim.

B. *Special injury.* Although Royce's failure to satisfy the probable cause element defeats his claim of malicious prosecution, his alternative contention regarding the "special injury" requirement of the damage element merits our brief attention.

As early as 1884, this court established the special injury requirement to insure that

[t]he courts are open and free to all who have grievances and seek remedies therefor, and there should be no restraint upon a suitor, through fear of liability resulting from failure of his action, which would keep him from the courts. *Wetmore v. Mellinger,* 64 Iowa at 744, 18 N.W. at 871. Subsequent decisions have reaffirmed the rule's validity, recognizing the public policy served by "allowing litigants access to courts to resolve controversies without fear of a counterclaim for damages based on alleged malice in the event of an adverse decision." *Brody v. Ruby,* 267 N.W.2d at 905. In applying the rule, we have distinguished between the ordinary trouble and expense which regularly attend litigation (whether legitimately or maliciously prosecuted) and the unusual hardship arising from arrest, seizure of property or other special circumstances. *See Aalfs v. Aalfs,* 246 Iowa at 165, 66 N.W.2d at 126; *Mills County State Bank v. Roure,* 291 N.W.2d 1, 5 (Iowa 1980).

■ Royce cannot seriously contest the trial court's factual and legal conclusion that he suffered no special injury as a result of defending Hoenings' counterclaim. It is undisputed that he suffered neither arrest nor seizure of his property. As a retiree, he could prove no loss of income attributable to the defense. Based on Royce's deposition testimony, we agree with the trial court that his claims of reputational harm, humiliation, anxiety, inconvenience and expenses demonstrate no greater hardship than that suffered by any litigant in similar proceedings.

Given this dearth of special injury evidence, Royce contends we should abandon the rule altogether, claiming it has become outdated by the recent amendment to Iowa Rule of Civil Procedure 80. We cannot agree. The amendment, enacted in 1986, authorizes court-imposed sanctions against errant lawyers and litigants who willfully file pleadings and motions solely for the purpose of delay or harrassment. *See Franzen v. Deere & Co.,* 409 N.W.2d 672, 673–74 (Iowa 1987). But the rule neither replaces, nor renders obsolete, the rationale underlying the special injury rule. Both are designed to preserve the integrity of the judicial process while affording limited relief to litigants suffering abuse. While a

future litigant in Royce's shoes might seek sanctions under rule 80 when confronted by a counterclaim filed in a forcible entry and detainer action,[1] the availability of such a remedy does not furnish sufficient reason for us to suspend the special injury rule in a subsequent, independent action for malicious prosecution. Accordingly, we decline Royce's invitation to do so here.

IV. *Abuse of Process Claim.* In *Tomash v. John Deere Indus. Equipment Co.*, 399 N.W.2d 387, 390 (Iowa 1987), we quoted with approval the definition of abuse of process found in the Restatement (Second) of Torts § 682 (1977):

> One who uses a legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.

*See also Grell v. Poulsen*, 389 N.W.2d 661, 663 (Iowa 1986); *Schmidt v. Wilkinson*, 340 N.W.2d 282, 284 (Iowa 1983); *Mills County State Bank v. Roure*, 291 N.W.2d at 4. The essence of the tort is an attempt by one litigant to "extort" from another, by some unlawful means, a collateral advantage not properly included in the legal process itself. *See Sarvold v. Dodson*, 237 N.W.2d at 449.

■ Applying these principles to the record made in connection with Hoenings' motion for summary judgment, the district court concluded there was no factual support for Royce's bare assertion that Hoenings or their counsel attempted to gain some collateral advantage beyond the relief sought by the counterclaim. On appeal, Royce claims that a rational trier of fact could infer from the record that Hoenings' counterclaim was motivated solely by a desire to increase Royce's litigation expense. The district court rejected this argument as insufficient to support an abuse of process claim, and rightly so.

The mere filing of a counterclaim is insufficient to sustain a finding of abuse of

process. Nor can the failure of a counterclaim, without more, furnish proof of some collateral advantage gained by pursuit of the claim. *See Tomash*, 399 N.W.2d at 390–91. As we said in *Tomash*, "if an individual does no more than initiate and prosecute a criminal or civil action to its authorized conclusion, no abuse of process can be shown, regardless of the individual's malicious intent in doing so." *Id.* Royce's assignment of error is without merit.

V. *Conclusion.* The record made before the district court demonstrated no material fact issues warranting a trial. Based on the undisputed facts, Royce could not sustain his claims of malicious prosecution and abuse of process and the court properly entered judgment for Hoenings and their counsel as a matter of law.

AFFIRMED.

---

1. Iowa Code § 648.19 (1985) provides that "[a]n action [for forcible entry and detainer] cannot be brought in connection with any other, nor can it be made the subject of counterclaim." In the present case, the district court correctly observed that misjoinder is not jurisdictional and that a defendant waives the right to complain of it when he does not attack it by timely motion. *Capitol City Drywall Corp. v. C.G. Smith Construction Co.*, 270 N.W.2d 608, 611 (Iowa 1978).