**John F. ELLIOTT and Doris
M. Elliott, Appellants,**

v.

**Suzanne CLARK, Merchants Bonding
Company, and Paul D. Lunde,
Appellees.**

No. 90–1441.

Court of Appeals of Iowa.

Aug. 27, 1991.

John L. McKinney, Ames, for appellants.

Glenn C. Sedgwick, Ames, for appellees Clark and Lunde.

F. Richard Lyford of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellee Merchants Bonding Co.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

The facts of prior litigation between the parties and giving rise to this litigation are detailed in a prior opinion of this court. *See In re Estate of Clark*, 447 N.W.2d 549 (Iowa App.1989). In the prior case, a quiet title action brought under Iowa Code section 633.391, the Elliotts and Suzanne Clark (Clark) disputed title to a house which was previously owned by Clark's mother, Ferne. Clark believed that she had a life estate in this house under her mother's will. The Elliotts believed that the house was theirs because of a contract executed by Clark's brother George, on Ferne's behalf, prior to Ferne's death. In *In re Estate of Clark*, this court determined that the Elliotts had an enforceable contract for the sale of the house which divested Ferne of the ability to convey any interest to Clark.

Subsequent to our *In re Estate of Clark* opinion, Clark sought: rehearing from this court; further review from the Iowa Supreme Court; a stay of enforcement from the Iowa Supreme Court and from the United States Supreme Court; and a new trial based on newly-discovered evidence. All of these motions were denied. The Elliotts ultimately had to bring a forcible entry and detainer action to evict Clark from the house. They were placed in possession of the property on December 1, 1989.

The Elliotts believed that all of the legal maneuvers attempted by Clark and Lunde (attorney for Clark) were groundless and were done with the malicious intent to tortiously interfere with their contract. The Elliotts sued Clark, Lunde, and Merchants Bonding Company (the entity that posted supersedeas bond in the *Estate of Clark* appeal), alleging tortious interference with a contract and malicious prosecution.

The matter came to trial before the district court sitting without a jury. After reviewing the record and hearing the evidence, the district court concluded that neither Clark nor Lunde acted improperly by resisting the sale to the Elliotts until a final determination of Clark's quiet title action was reached. The court found Clark was not just concerned with removing the Elliotts from the residence; she was also concerned with what she believed was her life estate in the real estate under her mother's will. The court concluded defendants Clark and Lunde had not tortiously interfered with the Elliotts' contract.

With regard to the malicious prosecution claim, the district court found the defendants had probable cause to bring the quiet title action. In return for Clark's assistance and care, Ferne had told her daughter that Clark would receive a life estate in the home. Additionally, the will and codicil expressly and specifically stated Ferne's intent that Clark be granted a life estate upon Ferne's death. The district court found these circumstances could lead a person of ordinary caution and prudence to reasonably believe there was a potentially valid claim to the property. It also found the Elliotts had failed to establish any actual malice on the part of the defendants and had failed to establish special injuries.

Having made these decisions, the district court concluded a ruling on the appeal bond issue need not be made. It denied all the Elliotts' claims against the defendants and dismissed the Elliotts' petition.

The Elliotts have appealed. They contend the trial court erred in finding Clark and Lunde: 1) did not improperly interfere with the purchase agreement entered into between the Elliotts and George Clark for the sale of Ferne's home to the Elliotts; 2) had probable cause to initiate their quiet title action; and 3) acted without malice. 4) The Elliotts also argue they did incur special injuries because of all the unnecessary legal maneuvers undertaken by Clark and Lunde.

I. *Scope of Review.* In this action at law we review for the correction of errors. Iowa R.App.P. 4. Findings of facts in a law action have the effect of a special jury verdict and are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We construe the trial court's findings broadly and liberally. *Grinnell Mut.*

*Reinsurance Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988). In case of doubt or ambiguity, we construe the findings to uphold, rather than defeat, the trial court's judgment. *Id.* We are prohibited from weighing the evidence or the credibility of the witnesses. *Id.* Evidence is substantial or sufficient when a reasonable mind would accept it as adequate to reach the same findings. *Waukon Auto v. Farmers & Merchants Sav. Bank*, 440 N.W.2d 844, 846 (Iowa 1989). Evidence is not insubstantial merely because it could support contrary inferences. *Grinnell Mut. Reinsurance Co.*, 431 N.W.2d at 785.

With these principles in mind, we turn to the issues raised on appeal.

■ II. *Intentional Interference with Contract.* In order for the Elliotts to prevail on their claim of intentional interference with a contract they must establish each of the following elements: (1) the Elliotts had a contract with Ferne Clark, (2) Clark and Lunde knew of the contract, (3) Clark and Lunde intentionally and *improperly* interfered with the contract by pursuing the litigation as they did, (4) the interference caused the Elliotts' performance of the contract to be more burdensome or expensive, and (5) the amount of damage. *See Nesler v. Fisher and Co., Inc.*, 452 N.W.2d 191, 198 (Iowa 1990).

In *Nesler v. Fisher and Co., Inc.*, our supreme court opined that litigation may be the basis for a claim of intentional interference with a contract if the litigation is pursued with an improper motive.

> An improper motive for these purposes means a state of mind which caused a person to pursue a legal remedy in the absence of a good-faith belief in the merits of the litigation. Even if the person has some belief in the merits, if the suit was nevertheless instituted or threatened in bad faith with the intention only to harass other persons and not to bring the complaint or lawsuit to definitive adjudication, it may be actionable.

*Id.* at 198 (citations omitted).

The district court, sitting as a fact-finder, concluded Clark and Lunde had a good-faith belief in Clark's belief that she possessed a life estate in the property, based on Clark's years of service to her mother and based on Clark's contributions to home improvements. Defendants were not pursuing the litigation solely to harass the Elliotts and, therefore, the Elliotts had failed to establish their claim.

The trial court's findings are necessarily based on the credibility of Clark's and Lunde's testimony concerning their subjective state of mind. We therefore construe the testimony of Clark and Lunde to uphold the findings. Consequently, the trial court's findings of good faith are supported by substantial evidence in the record. We affirm the dismissal of the Elliotts' intentional interference of contract claim.

III. *Malicious Prosecution.*

To prevail on a claim for malicious prosecution, the plaintiff must establish each of the following six elements: (1) a previous prosecution, (2) instigation of that prosecution by the defendant, (3) termination of that prosecution by acquittal or discharge of the plaintiff, (4) want of probable cause, (5) malice on the part of defendant for bringing the prosecution, and (6) damage to plaintiff. Additionally, Iowa has adopted what is known as the "special injury rule" which requires that the sixth element, damages, can only be sustained by proof of arrest, seizure of property, or other "special injury ... which would not necessarily result in all suits prosecuted to recover for like causes of action."

*Royce v. Hoening*, 423 N.W.2d 198, 200 (Iowa 1988) (citations omitted).

■ The district court concluded the Elliotts had failed to establish the fourth, fifth, and sixth elements of their claim. It found that in return for Clark's assistance and care, Ferne had told her daughter she would receive a life estate in the home. Clark and Lunde believed that through Clark's contributions, Clark possessed an equitable estate in the property which was vested prior to Ferne's death. The district court found these factors established that Clark and Lunde had probable cause, or a reasonable belief in the validity of the

claim, to pursue the quiet title action. *Cf. Brown v. Monticello State Bank*, 360 N.W.2d 81, 87 (Iowa 1984) ("Probable cause for a civil action is knowledge of a state of facts which would lead a person of ordinary caution and prudence, acting conscientiously, impartially, reasonably, and without prejudice, to believe that the suit is justified.").

We conclude there is substantial evidence to support a finding of probable cause. Because we conclude the Elliotts failed to establish want of probable cause, we need not address the remainder of the trial court's findings.

The dismissal of the Elliotts' claims is affirmed.

AFFIRMED.