# IN THE COURT OF APPEALS OF IOWA

No. 18-1077
Filed July 24, 2019

**SARA JANE GUSTAFSON,**
Plaintiff-Appellant,

**vs.**

**TRACEY BELL and SHELLY TOWNE,**
Defendants-Appellees.

_____

Appeal from the Iowa District Court for Cass County, James M. Richardson, Judge.

The plaintiff appeals from the district court's summary dismissal of her claims for defamation, abuse of process, malicious prosecution, intentional infliction of emotional distress. **AFFIRMED.**

Sara Gustafson, Villisca, pro se.

Martin L. Fisher of Fisher, Fisher & Groetken, PC, Adair, (until withdrawal) and Kyle J. McGinn of McGinn, Springer & Noethe, PLC, Council Bluffs, (withdrawn as of filing), for appellant.

Zachary M. Winter, Robert M. Livingston, and Kristopher K. Madsen of Stuart Tinley Law Firm LLP, Council Bluffs, for appellees.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Sara Gustafson appeals from the district court's summary dismissal of her claims against Tracey Bell and Shelly Towne for defamation, abuse of process, malicious prosecution, and intentional infliction of emotional distress. Gustafson maintains the district court erred because there are genuine issues of material fact in dispute that preclude the summary dismissal of each of her claims.

**I. Background Facts and Proceedings.**

Bell and Gustafson are former neighbors. Gustafson has a history of harassing Bell and Bell's family; this has resulted in criminal prosecutions for harassment and no-contact orders against Gustafson.

Eventually, Bell went to the county attorney's office to discuss Gustafson's behavior. The county attorney advised Bell she should consider filing an application for the mental-health commitment of Gustafson.

On September 1, 2016, Bell filled out an application alleging Gustafson was "suffering from serious mental impairment" and that she was "a danger to . . . herself or others or may be causing serious emotional injury to persons who are unable to remove themselves from [her] presence." Bell checked "no" next to the question "Do you request [Gustafson] be taken into immediate custody?" Bell attached an affidavit detailing both Gustafson's past and more recent behavior. It stated, in part:

> [Gustafson] was calling the police department with false complaints (most of which I was at work when she was calling), she made statements about me killing her dog, assaulting her, stalking her, etc. She was calling my employment stating that my boss was going to be getting calls from the [Department of Criminal Investigations] as she had called and turned us in for stuff. [Gustafson] was stalking and harassing my family especially my

youngest child. [Gustafson] was following her all over town, making at least 20 trips by my home daily, my child lived in fear of [Gustafson]. [Gustafson] called [the Department of Human Services] on our family last June stating my husband was showering with my daughters, which was completely unfounded. We were investigated by DHS and very humiliated by all of it[;] she was going to the church and telling them the same thing. The no-contact order was then dismissed (we protested). . . . [Gustafson] has begun chasing my daughter again (she now drives a moped). [Gustafson] has been following her all over town, with our fear being our child may not be able to stop fast enough with how close she is chasing her and she will get hurt. [Gustafson] has been driving by our home repeatedly again, making more false phone calls to the police department. . . .

. . . Last week before the no-contact order was in place, [Gustafson] chased my daughter through the cemetery as she was visiting her grandfather's gravesite along with being in front of my house taking pictures of my child and the neighbor's children. We have that captured on video of her doing this.

The affidavit was dated August 24, 2016.

The county attorney contacted Shelly Towne, who is employed as a dispatcher for the local police department, and asked her to prepare an affidavit and statement relating to the dispatch calls she had received from Gustafson. On September 1, Towne filled out an affidavit in support of an application alleging Gustafson was seriously mentally impaired. In the attached affidavit, Towne stated, in part:

I am employed as a dispatcher for the Atlantic Police Department. In the last two year[s] I have become very familiar with . . . Gustafson through numerous calls that she has made to our department. There have been days where she called 3–4 times within an hour. She has made several calls concerning Trac[e]y and Clint Bell, and Trac[e]y's daughter . . . . [Gustafson] always believes that they are following her and getting people to keep an eye on her for them.

Towne listed some of the calls Gustafson had made to dispatch and their stated purpose before concluding:

On 8-23-16, we had 3 calls within 45 min. I got a call from [the sheriff] on the same day saying that [Gustafson] was also calling . . . the Sheriff's office and his cell phone. [Gustafson] is always saying she is investigating people and will call us with more information. [Gustafson] has told me before that she works with investigators out of Des Moines.

Towne noted the dispatch center had received seventeen calls from Gustafson in approximately the previous three weeks, which did not include the calls Gustafson made to the sheriff's office or to the sheriff's cell phone.

The application and affidavits were filed September 2. Although the application did not ask for Gustafson to be taken into immediate custody, the district court considering the application entered an order finding there was "probable cause to believe" Gustafson was seriously mentally impaired and that it was necessary to detain her. The order provided for the immediate hospitalization of Gustafson in order to complete a psychiatric evaluation and noted she could be released once the evaluation was completed.

Gustafson was taken into immediate custody and a medical professional completed an evaluation. In the physician's report filed with the court, the evaluator opined Gustafson was mentally ill and listed her diagnoses as major depressive disorder, recurrent, mild. Additionally, he reported Gustafson was capable of making responsible decisions with respect to treatment and noted she was an established patient with the local mental-health center and did not miss appointments.

A hearing was held on September 6. Following the hearing, the court found "that the contention that [Gustafson] is seriously mentally impaired has been sustained by clear and convincing evidence." It concluded Gustafson was

able to make appropriate decisions so long as she continued treatment and found she could be treated on an outpatient basis. Gustafson was committed on an outpatient basis and ordered to cooperate with the treatment provider and comply with the course of treatment.

On September 13, Gustafson's long-term psychologist wrote a letter to the court, stating:

> This provider has treated Ms. Gustafson since 1999 and so is very familiar with her case. She has been treated with major depressive disorder with antidepressant medication and therapy. Consistent with [the ordered evaluation], in yesterday's session with this provider, Ms. Gustafson was coherent and logical. She was able to describe recent happenings in detail. She did not express or evidence that she was a danger to herself or others. . . . It is my professional opinion that requiring Ms. Gustafson to participate in treatment is unnecessary because she has been engaged in treatment for a long time. She has scheduled future appointments and plans to continue in outpatient mental health treatment on a voluntary basis.

After receiving the psychologist's letter, the court decided "an involuntary commitment is unnecessary" because Gustafson was "continuing her voluntary treatment program currently in place." The court dismissed the case on September 14.

In December 2017, Gustafson filed a lawsuit against both Bell and Towne, alleging abuse of process, defamation, malicious prosecution, and intentional infliction of emotional distress against both for their roles in having her involuntarily committed.

Towne moved for summary judgment, which Bell joined.

Following a hearing on the motions,[1] the court dismissed all of Gustafson's claims against each defendant. Gustafson appeals.

## II. Standard of Review.

We review the district court's grant of summary judgment for correction of errors at law. *Campbell v. Delbridge*, 670 N.W.2d 108, 110 (Iowa 2003). "Summary judgment is appropriate only when the moving party shows there are no genuine issues of material fact, and in deciding that issue, we review the record in the light most favorable to the party opposing the motion." *Id.* "A party resisting a motion for summary judgment cannot rely on the mere assertions in [their] pleadings but must come forward with evidence to demonstrate that a genuine issue of material fact is presented." *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007).

## III. Discussion.

The district court summarily dismissed each of Gustafson's claims against both defendants. On appeal, Gustafson argues each of the dismissals was in error as there are genuine issues of material fact in dispute that preclude the summary dismissal of each of her claims.

### A. Defamation.

The district court dismissed Gustafson's claims of defamation, finding there was qualified privilege for the statements of both Bell and Towne. Gustafson argues this was in error. Bell and Towne respond Gustafson cannot prove defamation because (1) she cannot establish the elements for defamation,

---

[1] It appears from the record before us that the hearing was reported; however, we have no transcript from the hearing.

(2) the statements complained of are opinions and protected speech, or (3) qualified privilege exists for the statements.

"Defamation includes the twin torts of libel and slander. Libel involves written statements, while slander involves oral statements." *Bierman v. Weier*, 826 N.W.2d 436, 444 (Iowa 2013) (citation omitted). In order to establish her claims of defamation, Gustafson would have to prove

> (1) defendant wrote the statements; (2) the statements are false; (3) defendant made the statements with malice; (4) defendant communicated the statements to someone other than plaintiff; (5) the statements injured the reputation of plaintiff or exposed her to public hatred, contempt, or ridicule; and (6) plaintiff was damaged as a result.

*Suntken v. Den Ouden*, 548 N.W.2d 164, 167 (Iowa Ct. App. 1996). In cases of defamation per quod—as Gustafson alleged—"a plaintiff must ordinarily prove all the above six elements, including 'some sort of cognizable injury, such as injury to reputation.'" *Bierman*, 826 N.W.2d at 444 (quoting *Johnson v. Nickerson*, 542 N.W.2d 506, 513 (Iowa 1996)).

Here, we agree with the district court that Gustafson's claims of defamation can be dismissed as a matter of law. Although she purports to challenge the statements filed by Towne and Bell in support of having her involuntarily committed as false, Gustafson does not dispute the substance of their statements—that Gustafson was following and chasing Bell's daughter and making repeated calls to the local police.

Rather, Gustafson contends Towne's affidavit was false because, as part of the affidavit she signed, Towne swore she was "acquainted with" Gustafson even though Towne had no personal or face-to-face contact with Gustafson. But

nothing in the affidavit requires that Towne be personally—rather than professionally—acquainted with Gustafson. We also do not believe the term "acquainted with" necessarily requires face-to-face interactions. The dictionary defines "acquainted" as "known by or familiar with another." *Acquainted*, *The American Heritiage Dictionary of the English Language* (1969); *see also State v. Kidd*, 562 N.W.2d 764, 765 (Iowa 1997) (noting that absent a legal definition, we use a dictionary as a "ready source for ascertaining the common and ordinary meaning of a word"). Gustafson does not dispute that she was the person who made numerous calls to the dispatch center and spoke with Towne. Under these facts, this is enough to say Towne was acquainted or familiar with Gustafson.

As to Bell, Gustafson maintains Bell's affidavit swearing she believed Gustafson to be seriously mentally ill was false because Bell had not had contact with Gustafson, at the time she filed the application, in eight months. This appears to be a riff on the argument Gustafson made regarding Towne's contact, as Gustafson does not dispute Bell's assertion in her affidavit that Gustafson was following Bell's child, parking outside of Bell's home, and video recording Bell's family in the weeks leading up to the application being filed. We are similarly unpersuaded by Gustafson's argument as it pertains to Bell.

Lastly, Gustafson asserts both Towne's and Bell's statements were false because while each swore she believed Gustafson to be seriously mentally ill, the supporting affidavit did not contain allegations that support those conclusions. Again, Gustafson does not assert the actions attributed to her in the affidavits were fabricated. And the district court, in a separate proceeding that Gustafson

did not challenge, found that those actions established probable cause Gustafson was seriously mentally impaired.

We agree with the district court that Gustafson's claims of defamation fail as a matter of law.

**B. Abuse of Process.**

The district court dismissed Gustafson's claims of abuse of process against both Towne and Bell, concluding Towne did not use a legal process and Bell did not do so in an improper or unauthorized manner.  Gustafson disputes these conclusions.

To establish a claim for abuse of process, Gustafson would have to be able to establish "(1) use of the legal process, (2) in an improper or unauthorized manner, and (3) that damages were sustained as a result of the abuse."  *Iowa Supreme Ct. Attorney Disciplinary Bd. v. Barnhill*, 885 N.W.2d 408, 419–20 (Iowa 2016).

Here, Gustafson's claims fail as a matter of law because even if we assume both Towne and Bell "used" a legal process, *see Fuller v. Local Union No. 106*, 567 N.W.2d 419, 422 (Iowa 1997) ("We have not precisely identified what action constitutes a 'legal process' sufficient to satisfy the first element."), she cannot establish that either woman did so in an improper or unauthorized manner.

"The tort of abuse of process is 'the use of legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it was not designed.'"  *Fuller*, 567 N.W.2d at 421 (citation omitted).  "Normally the improper purpose sought is an attempt to secure from another some *collateral advantage*

not properly includable in the process itself." *Id.* (emphasis added). "This amounts to 'a form of extortion in which a lawfully used process is perverted to an unlawful use.'" *Id.* (citation omitted). Even if Towne and Bell submitted the application and affidavits with mal-intent in hopes that Gustafson would be committed, Gustafson cannot recover under the theory of abuse of process. "Some act or threat directed to an immediate objective not legitimate in the use of the process is required, and the defendant is not liable if [she] has done no more than carry the process to its authorized conclusion, even with bad intentions." *See Grell v. Poulsen*, 389 N.W.2d 661, 663 (Iowa 1986) (citation omitted). "Proof of an improper motive . . . even a malicious purpose, does not satisfy that element." *Id.* at 664. And, as we noted before, Gustafson does not challenge the veracity of the actions attributed to her by either Bell or Towne in their affidavits to the court.

**C. Malicious Prosecution.**

The district court dismissed Gustafson's claims against Towne and Bell for malicious prosecution, concluding Gustafson could not establish a number of the elements.

To prove malicious prosecution, Gustafson must be able to establish: "(1) a previous prosecution, (2) instigation of that prosecution by the defendant, (3) termination of that prosecution by acquittal or discharge of the plaintiff, (4) want of probable cause, (5) malice on the part of the defendant for bringing the prosecution, and (6) damage to plaintiff." *Royce v. Hoening*, 423 N.W.2d 198, 200 (Iowa 1988).

We agree with the district court that Gustafson is unable to establish either element three or element four against Towne and Bell. While the district court ultimately dismissed the involuntary commitment, it did so after first finding there was probable cause to support the claim Gustafson was seriously mentally impaired. The court only dismissed the case after Gustafson's regular psychologist opined the ongoing outpatient commitment was unnecessary as Gustafson was a long-term patient who was compliant and regular with voluntary treatment.

This claim fails as a matter of law.

**D. Intentional Infliction of Emotional Distress.**

Gustafson also claimed intentional infliction of emotional distress (IIED) against both Towne and Bell, which the district court summarily dismissed. To prove a claim of IIED, Gustafson would have to establish:

> (1) Outrageous conduct by the defendant;
> (2) The defendant's intentional causing, or reckless disregard of the probability of causing emotional distress;
> (3) Plaintiff suffering severe or extreme emotional distress; and
> (4) Actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Vinson v. Linn-Mar Cmty. Sch. Dist.*, 360 N.W.2d 108, 118 (Iowa 1984).

Here, the district court determined Gustafson's claims failed a matter of law because she could not establish outrageous conduct by either Towne or Bell. We agree. In order for a plaintiff to recover under the theory of IIED, the defendant's "conduct must be 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Id.* (citation omitted).

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

*Id.* (citation omitted). As a matter of law, Gustafson cannot establish that Bell's action of filing an application alleging serious mental impairment and a supporting affidavit, which the district court ultimately determined was supported by probable cause, falls within the definition of "outrageous conduct"—even if Bell's motive for filing the application is a disputed fact. Similarly, Gustafson cannot establish that Towne's action of filing a supportive affidavit, at the request of the county attorney, with information that Gustafson does not challenge the veracity of is so outrageous as to meet the first element of IIED.

This claim also fails.

## IV. Conclusion.

We agree with the district court that each of Gustafson's claims fail as a matter of law. We affirm the summary dismissal of each of her claims. We have considered the motion to withdraw filed by Gustafson's counsel and Gustafson's response and grant the motion effective the date of filing this opinion.

**AFFIRMED.**